KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,

v.

Andrew HILL et al., Appellee.

Court of Appeals of Kentucky.

April 29, 1955.

Rehearing Denied June 24, 1955.

Nat Ryan Hughes, Murray, Jack Q. Heath, Louisville, for appellant.

Lovett & Lovett, Benton, for appellee.

MOREMEN, Judge.

This declaratory judgment suit requires the interpretation of a provision in an au-

tomobile liability insurance policy which indemnifies insured against liability arising from his use of any other automobile than that described in the policy. The clause with the only limitation here involved reads as follows:

"Use of Other Private Passenger Automobiles.

"Such insurance as is afforded by this policy for liability with respect to the private passenger automobile described in the declarations, applies to the named insured, if an individual, and to the spouse of such individual if a resident of the same household, as insured, with respect to the use of any other automobile by or in behalf of such named insured or spouse. This insuring agreement does not apply:

"(a) to any automobile owned by, registered in the name of, or furnished for regular use to, the named insured or spouse".

Appellant, Kentucky Farm Bureau Mutual Insurance Company, issued two insurance policies to appellee, James D. Bailey, and one policy to appellee, Andrew F. Hill. The policies offered protection against bodily injury liability, property damage liability, medical payment loss, and comprehensive damage. Appellee Bailey and appellee Hill were brothers-in-law and lived at the same residence. Bailey's two policies applied to a 1948 GMC truck and a 1949 Pontiac which he owned. Hill's policy applied to a 1951 Oldsmobile.

In October 1953, Bailey obtained Hill's Oldsmobile for the purpose of taking a hunting trip with several companions to the state of Iowa where on October 16, 1953, while Bailey was driving, an accident occurred which resulted in injury to some of the hunting party and in injury and death to several passengers in the other car. We must determine whether the insurance company was correct in denying liability in excess of the amount of coverage provided in the policy of Andrew F. Hill whose automobile was involved in the accident or whether, as the judgment of

the circuit court determined, the assurance of all three policies covered the accident.

If we look again at the terms of the insurance clause above quoted, we find, generally, that the protection of the policy is extended to the named insured while he is operating another automobile but this broad right is limited by the exception that the insuring agreement does not apply to him while he is operating an automobile which has been furnished to him for regular use.

The courts of this country have considered this so-called "drive other automobiles" clause of the present standard automobile policy upon relatively few occasions. In Aler v. Travelers Indemnity Co., D.C., 92 F.Supp. 620, it was said the general purpose of this provision is to give coverage to the insured while engaged in only infrequent or merely casual use of an automobile other than the one described in the policy, and that the evident intent of the limitation with respect to the use of other automobiles is to prevent a situation in which members of one family or household may have two or more automobiles which are used interchangeably but with only one particular automobile insured. See the annotation on this subject in 173 A.L.R. 902, and the number of authorities collected in Campbell v. Aetna Casualty & Surety Co., 4 Cir., 211 F.2d 732. The discussion in most of the cases is devoted to the question of the ambiguity of the words used in a standard clause, which we do not have in the case at bar and invokes situations where the words used may have attempted to exclude automobiles owned by "members of his household."

The decision here, we believe, rests solely upon whether or not Bailey was regularly furnished the Oldsmobile car for his use.

The facts are these: The two vehicles belonging to Bailey and the Oldsmobile belonging to Hill were kept in a double driveway at the house where they resided. There was only one set of keys to each vehicle which was retained by the owner.

Bailey used his Pontiac to go to work on the night shift and Hill used the Oldsmobile to go to work on the day shift with the result that the cars were seldom at the house at the same time. The proof establishes that occasionally, and only with express permission, Bailey used the Oldsmobile. Some of the expressions used by the witness to describe this sporadic use were "two or three times a year," "when necessary," "in an emergency," and "on rare occasions." It is true that prior to the institution of this suit a representative of the insurance company took written statements from Hill and Bailey and in the one given by Hill it was stated, "We have the understanding that to use each other's vehicles." In the statement given by Bailey he said, "I used the car any time that it was here at home." But when the true situation was explained by the witnesses on the trial of this case, there was no doubt but that the use was not in any sense regular and was only after express permission had been given by the owner. In any event, such statements are only considered insofar as they affect the probative value of the witnesses' testimony. If these statements had not been made there would have been no question to present to the jury because the witnesses were in accord as to the use of the automobiles.

Under the circumstances, the question of whether the cars were used interchangeably and without restriction or by permission of the owner was submitted to the jury under special interrogatories and the jury found that the cars were used only after the owner's permission had been obtained. The verdict was amply supported by the evidence.

Appellant contends, however, that these instructions were incorrect. They read:

"The word 'interchangeably' as used in these interrogatories means indiscriminately and without regard to ownership.

1

"From the evidence that you have heard, was the 1951 Oldsmobile mentioned in evidence used interchangeably by James D. Bailey, Andrew F. Hill and Mrs. James D. Bailey, or was it used by James D. Bailey and Mrs. James D. Bailey by permission of Andrew Hill?

"Answer

Interchangeably _____
By permission _X_____

2

"At the time and place of the accident mentioned by you in evidence, was the 1951 Oldsmobile being used by James D. Bailey as a matter of right or by permission of Andrew F. Hill?

"Answer

As a matter of right _____
By permission _____X_____

3

"Were the 1949 Pontiac, the 1948 GMC truck, and the 1951 Oldsmobile mentioned to you in evidence used interchangeably by James D. Bailey, Andrew F. Hill and Mrs. James D. Bailey without restriction, or by permission of the owner?

"Answer

Interchangeably _____
By permission of Owners _X_ "

The foregoing instructions, we believe, sufficiently and properly submit the true issue in the case, which is whether or not the Oldsmobile was furnished to Bailey regularly. When the jury responded that the cars were not used interchangeably and were used only with the permission of the owner, we think under the evidence in this case, the court had no alternative other than to declare by judgment that the policies covered the accident.

Finally appellant asks reversal because of the alleged error of the court in admitting incompetent evidence. We have examined the particular parts of the testimony pointed out by appellant as being erroneous and we find nothing which we would classify as being prejudicial.

The judgment is affirmed.