CONTINENTAL CASUALTY COM-
PANY, Appellant,

v.

James E. SUTTENFIELD and Columbus
Fiber Mills Company, Inc.,
Appellees.

James E. SUTTENFIELD and Columbus
Fiber Mills Company, Inc.,
Appellants,

v.

TRAVELERS INDEMNITY COMPANY,
Appellee.

No. 15873.

United States Court of Appeals
Fifth Circuit.

Sept. 6, 1956.

Rehearing Denied Oct. 4, 1956.

**434**

Otis B. Gary, D. L. Case, Robertson, Jackson, Payne, Lancaster & Walker, J. L. Lancaster, Jr., Dallas, Tex., for appellant, Continental Cas. Co.

Ernest E. Specks, W. C. Gowan, Carrington, Gowan, Johnson, Bromberg & Leeds, Dallas, Tex., for appellants James E. Suttenfield and Columbus Fiber Mills Co., Inc.

David M. Kendall, Jr., Pinkney Grissom, Thompson, Knight, Wright & Simmons, Dallas, Tex., for appellee, Travelers Indemnity Co.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The factual situation presenting the questions posed for our decision is set forth in an opinion by the district court. Suttenfield v. Travelers Indemnity Co., 133 F.Supp. 418. Less than was there said may here suffice for presenting the issues of the appeal.

James E. Suttenfield, a Virginia resident, was a salesman employed by Columbus Fiber Mills Company, Inc. Suttenfield owned a 1950 Studebaker sedan automobile. Travelers Indemnity Company issued to Suttenfield as the sole insured its public liability insurance policy with liability limits of $25,000 and $50,000. Robertson Auto Rentals & Leases, Inc. leased to Columbus Fiber Mills a 1953 Ford automobile which was primarily but not exclusively for the use of Suttenfield. Travelers Indemnity Company issued to Suttenfield, Columbus Fiber Mills, and Robertson Auto Rentals, each being named as an insured thereunder, its public liability insurance policy with liability limits of $25,000 and $50,000. Each of the Travelers policies contained the following provisions:

"V. Use of Other Automobiles. If the named insured is an individual who owns the automobile classified as 'pleasure and business' or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments with respect to said automobile applies with respect to any other automobile, subject to the following provisions:

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes (1) such named insured, (2) the spouse of such individual if a resident of the same household and (3) any other person or organization legally responsible for the use by such named insured or spouse of an automobile not owned or hired by such other person or organization. Insuring Agreement III, Definition of Insured, does not apply to this insurance.

"(b) This insuring agreement does not apply:

"'(1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to the named insured or a member of his household other

than a private chauffeur or domestic servant of the named insured or spouse".

On January 18, 1954, Suttenfield was in Dallas, Texas, on the business of his employer, Columbus Fiber Mills. In the course of such business he needed transportation to Waco, Texas, and for the account of his employer he rented a Chevrolet car from Hertz Stations, Inc., in Dallas. This car, while being driven by Suttenfield en route to Waco, was in a collision with an automobile driven by Edgar E. Hoppe, who was seriously injured. The Hertz Chevrolet was insured against public liability with limits of $25,000 and $50,000, by Continental Casualty Company. Its policy contained, among other provisions, the following:

"II. The insurance does not apply to any liability for such loss as is covered on a primary, contributory, excess, or any other basis by a policy of another insurance company; but this exclusion does not apply to insureds with whom the named insured [Hertz] has agreed that the insurance under the policy for such insured shall be primary as against any insurance afforded such insured under any other policy."

Hoppe brought suit against Suttenfield and Columbus Fiber Mills. Both Travelers and Continental were tendered the defense. As insurers have done before, each asserted that if any liability existed, it was under a policy issued by the other, and each disclaimed any liability on its own behalf. See the recently decided case of Maryland Casualty Co. v. Southern Farm Bureau Casualty Insurance Co., 5 Cir., 1956, 235 F.2d 679. Travelers undertook the defense of the case under a Reservation of Rights Agreement. Prior to Travelers taking over the defense of the suit, Suttenfield and Columbus Fiber Mills Company had employed counsel who were later paid $2,000 for their services. The suit of Hoppe was settled by the payment to him of $40,000 by Columbus Fiber Mills. Of the amount paid, $1,000 was treated as damage to the Hoppe car. It was stipulated that the settlement would not prejudice any rights with respect to insurance. Suttenfield agreed with Columbus Fiber Mills that it should have the benefit of any insurance proceeds available to him. Suttenfield and Columbus Fiber Mills brought their action, with Federal jurisdiction based on diversity of citizenship, against the two insurance companies claiming from them the amount paid to Hoppe, the $2,000 paid for attorneys' fees, and interest and costs.

Excluding his use of the car leased by Robertson Auto Rentals & Leases, the only uses of hired automobiles by Suttenfield during the year prior to the collision were on March 25, 1953, May 28, 1953, August 17, 1953, August 18, 1953, August 20, 1953, November 4, 1953, November 20, 1953, and December 6, 1953, a total of eight times. An adjuster for Travelers wrote Columbus Fiber Mills requesting information as to the dates and places when and where Suttenfield rented cars. The letter continued:

"Does Mr. Suttenfield frequently rent cars as a customary practice for the use in his work?

"In addition to Mr. Suttenfield and your company, another insured named under our policy is the Robertson Auto Rentals and Leases, Incorporated. Can you please advise us the address of this concern and the frequency in which Mr. Suttenfield rents its cars for use in his work."

The Office Manager of Columbus Fiber Mills replied in its name giving a list of the dates and places of the rental of cars by Suttenfield, and saying:

"Mr. Suttenfield frequently rents a car for use in his work. We rent cars from Robertson Auto Rentals and Leases each month for all the salesmen in Richmond, Virginia."

Suttenfield and his employer, Columbus Fiber Mills, insisted before the district court, and do here insist, that Continental is liable to the extent of its limit and that Travelers is liable for the

**436**

remainder of the amount paid Hoppe, or that Travelers is liable for the entire amount. Continental insisted before the district court, and does here insist, that it has no liability because one or both of the Travelers policies covered the liability and the coverage was expressly excluded from its assumed risks. Travelers insisted before the district court, and does here insist, that it is without liability because its exclusionary clauses exempted it and that, within Continental's limit it was Continental's liability. The district court held that the Travelers policy on the car owned by Robertson Auto Rentals & Leases did not insure against the liability to Hoppe because, although Suttenfield was a named insured along with Columbus Fiber Mills and Robertson Auto Rentals & Leases, the car was owned by the Robertson corporation and there was no named individual who owned the car and hence the coverage did not extend to the use by Suttenfield of the Hertz car. It was determined by the district court that the Travelers policy on the car owned by Suttenfield did not insure against the liability to Hoppe because the Hertz car used by Suttenfield at the time of the collision was "hired as a part of a frequent use of hired automobiles by, or furnished for regular use to the named insured" within the exclusionary clause of the Use of Other Automobiles provisions of the Travelers policy. Having decided that there was no liability on the part of Travelers, the district court concluded that Continental could not escape liability through its clause excluding the application of its policy where other coverage existed. Judgment was entered against Continental for its policy limit as to bodily injury, $25,000, for $1,000 covering the damage to the automobile of Hoppe, for $2,000 for the fees of the attorneys for Suttenfield and Columbus Fiber Mills in the suit of Hoppe, for $25.55 costs in the Hoppe suit, and for the costs in the district court litigation. Relief against Travelers was denied. Continental has appealed seeking reversal of the judgment against it. Sut-

tenfield and Columbus Fiber Mills have appealed seeking a determination that Travelers is liable for the amount of the excess of their loss above the Continental's limits, or for the entire amount of their loss should we reverse the judgment against Continental. Travelers, of course, seeks to preserve the victory it had won.

■ The Robertson car was owned by a corporation. The Travelers policy covering it extended liability to the use of other automobiles "If the named insured is an individual who owns the automobile * * * the insurance * * * applies with respect to any other automobile". The owner was a corporation, not an individual. Suttenfield was a named insured but not the owner of the car. The policy did not insure against the liability arising from the collision between the cars driven by Suttenfield and Hoppe. No more on this point needs to be said than has been said by the New Jersey Superior Court which stated:

"Plaintiff also maintains that the car is covered by the provisions of article V. This argument is based upon the assumption that the word 'individual' as used in the article includes a corporation. A mere reading of the article, I think, is sufficient to demolish the contention." Main Investment Co. of Passaic v. United States Fidelity & Guaranty Co., 29 N.J.Super. 221, 102 A.2d 112, 115.

The "Use of Other Automobiles" provision in the Travelers policy on the car owned by Suttenfield would bring within its coverage the liability resulting from the Hoppe collision unless the Hertz car which Suttenfield was driving and with which he collided with the Hoppe car was excluded as an "automobile owned by, hired as a part of a frequent use of hired automobiles by, or furnished for regular use to the named insured." The Hertz car was, of course, not owned by Suttenfield, nor was it furnished to him for regular use. Therefore, the exclusionary clause would apply only if

the Hertz car was hired as a part of a frequent use of hired automobiles. The district court found, and we agree, that the uses by Suttenfield of hired cars, other than of the Robertson car, would not constitute the Hertz rental on the day of the accident a part of a frequent use. The district court reached the conclusion that the use by Suttenfield of the Robertson car must be considered as a use of a hired automobile in determining whether the use of the Hertz car was "a part of a frequent use of hired automobiles". So concluding, it followed that Travelers had no liability and that Continental could not escape under its policy provision excluding liability where other insurance existed. Upon the correctness of this conclusion hinges our decision.

This court has said:

"It is elementary that a policy of insurance, if ambiguous, must be construed most strongly against the insurer. There is also the well-settled rule that the parties are at liberty to make such contract as they please, provided they do not contain clauses prohibited by law or public policy, and the provisions in favor of the insurer are reasonable and just." Penn v. National Union Indemnity Co., 5 Cir., 1934, 68 F.2d 567.

The language we are to construe has been found ambiguous. Travelers Indemnity Co. v. Pray, 6 Cir., 1953, 204 F. 2d 821.

In searching for the intent of the parties and the meaning of the words they have used, we may consider the purpose to be accomplished by the policy provision. Stinson v. New York Life Ins. Co., 1948, 83 U.S.App.D.C. 115, 167 F.2d 233. Judge Chesnut, of the District Court of the District of Maryland, thus stated the purpose:

"The general purpose and effect of this provision of the policy is to give coverage to the insured while engaged in the only infrequent or merely casual use of an automobile other than the one described in the policy, but not to cover him against personal liability with respect to his use of another automobile which he frequently uses or has the opportunity to do so. More specifically the evident intention of the limitation with respect to other automobiles is to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured." Aler v. Travelers Indemnity Co., D.C.Md.1950, 92 F.Supp. 620, 623.

The language quoted is cited with approval in Campbell v. Aetna Casualty & Surety Co., 4 Cir., 1954, 211 F.2d 732, where it is said that the great weight of authority is in accord. The Court of Appeals of Kentucky has also cited the quoted portion of the Aler opinion and adopted its conclusions. Kentucky Farm Bureau Mutual Insurance Co. v. Hill, Ky., 278 S.W.2d 729.

If the clause in question is to be construed so as to effectuate the purpose as declared by Judge Chesnut in the Aler case, supra, and we do so construe it, it would indeed be an ironic anomaly to permit Travelers, which had collected a premium for insuring Suttenfield, among others, against liability in the use of the Robertson car, to rely upon that use to escape the liability under the Suttenfield policy which it would otherwise unquestionably have.

■ "Frequent" means "occurring or appearing often; recurring again and again, or at brief intervals". Funk & Wagnalls New Standard Dictionary. "Frequent use" as used in the Travelers policies, means an often repeated but irregular, casual or incidental use, as distinguished from a regular use. Pacific Automobile Insurance Co. v. Lewis, 56 Cal.App.2d 597, 132 P.2d 846; Farm Bureau Mutual Auto Insurance Co. v. Marr, D.C.N.Y.1955, 128 F.Supp. 67.

■ The Robertson car was leased to Columbus Fiber Mills and assigned to

the care of Suttenfield. He had custody of it and kept it at his home at night. It was primarily for his use although occasionally it was used by other employees. It was a car furnished to him for regular use. The policy provision was apparently phrased so as to note the distinction between cars, such as the Robertson car, furnished to an insured for regular use, and cars, such as the Hertz car, hired for irregular, casual or incidental use. The use by Suttenfield of the Robertson car should not have been reckoned in determining whether the use of the Hertz car was a "part of a frequent use of hired automobiles". Excluding the use of the Robertson car from such reckoning it follows that the Hertz car involved in the accident was not hired by Suttenfield as "a part of a frequent use of hired automobiles". The liability of the Travelers policy on Suttenfield's Studebaker extended to the use by him of the car rented from Hertz, and Travelers has the primary coverage for the liability to Hoppe to the extent of the liability limits of the policy.

 We are reminded of the holding of some courts that where two or more policies of insurance are partly coextensive as to assumed hazards, the primary liability should be cast upon the company whose policy affords specific insurance. See Hartford Steam Boiler Inspection & Insurance Co. v. Cockran Oil Mill & Ginnery Co., 26 Ga. App. 288, 105 S.E. 856. But such a rule cannot be invoked to change, under guise of construction, the plain provisions of a contract. In the Continental policy it is expressly provided that it "does not apply to liability for such loss as is covered on a primary, contributory, excess or any other basis by a policy of insurance of another insurance company." Penn v. National Union Indemnity Co., supra; Continental Casualty Co. v. Weekes, Fla., 74 So.2d 367. Continental is liable but is only liable for the excess remaining after exhausting the limits of the Travelers policy on the Suttenfield Studebaker.

It was urged that, because the payment to Hoppe was made with funds provided by Columbus Fiber Mills without contribution by Suttenfield, there could be no recovery upon a policy insuring Suttenfield alone. It was suggested that Columbus Fiber Mills and Suttenfield are bound by and estopped to assert the contrary of the statement made in the letter to Travelers by the Office Manager of Columbus Fiber Mills Company that "Suttenfield frequently rents a car for use in his work". It is not to be inferred from our failure to discuss these and other questions that they have not been considered.

For further proceedings in accordance with this opinion, the judgment of the district court is

Reversed and remanded.

TUTTLE, Circuit Judge, concurs in the result.