STATE OF NEW YORK, Respondent, *v.* INSURANCE COMPANY OF NORTH AMERICA, Appellant.

Third Department, June 21, 1972.

*Maynard, O'Connor & Smith (Michael E. Catalinotto* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Kenneth E. Page* of counsel), for respondent.

HERLIHY, P. J.  This is an appeal by the defendant from an order of the Supreme Court at Special Term, entered in Albany County on August 14, 1970, which granted partial summary judgment to the plaintiff and from a subsequent order entered on November 18, 1970 which granted a motion of the appellant for reargument and upon such reargument adhered to its prior decision granting partial summary judgment.

The appellant issued a liability insurance policy covering certain designated premises to the following named insured: "New York State Department of Social Welfare Commission for the Blind &/or Individual Operators of Newsstands &/or Other Interests as named in this policy". Two persons suffered personal injuries from a defective piece of equipment upon the premises insured and for such injuries claims were subsequently made against the respondent herein and, after litigation in the Court of Claims, awards were made to the claimants. The appellants, upon being notified of the claims against the respondent, disclaimed any coverage upon the ground that the State of New York was not specifically a named insured in the policy. As a result of such disclaimer the respondent has now brought this action to recover the amount of the awards by the Court of Claims as a first cause of action, and as a second cause of

action the legal fees and expenses in defending against the claims. Special Term has granted summary judgment as to the second cause of action in favor of the respondent.

The issue before Special Term and again raised upon this appeal is whether or not the policy naming the "New York State Department of Social Welfare Commission for the Blind" is equivalent to naming the State of New York as an insured.

Special Term determined the issue as follows: "It appears that the fact that the claimants did not name the New York State Department of Social Welfare, Commission for the Blind as the defendant in its Court of Claims action cannot be controlling. The Department of Social Welfare is only a Department of the State of New York and the Commission for the Blind a Bureau within that Department. Neither the Commission nor the Departent [*sic*] has the power to sue or be sued. Accordingly, any action involving this Department or Commission must name the State of New York as a defendant. (See *Sadigur* v. *State,* 173 Misc. 645.)"

Upon this appeal both parties are in agreement that as a matter of law no separate or independent action could be taken against the New York State Department of Social Welfare Commission for the Blind for tort liability (see Social Services Law, § 38). Chapter 415 of the Laws of 1913 creating a "State Commission for the Blind" was entitled "An act to establish a state commission for improving the condition of the blind of the state of New York, and making an appropriation therefor". The Commissioners are appointed by the Governor and their compensation and expenses are audited by the State Comptroller and paid by the Treasurer of the State.

It is axiomatic under such circumstances that the named insured and the respondent are identical, the distinction in names for the purpose of a lawsuit being of no consequence. As noted by Special Term upon reargument, the fact that the appellant computed premiums upon the theory that the State of New York was not a named insured is of no consequence.

The orders should be affirmed.

STALEY, JR., GREENBLOTT, SIMONS and REYNOLDS, JJ., concur.

Orders affirmed, with costs.