Donald Lewis COVINGTON, Appellant,

v.

FRIEND TRACTOR AND MOTOR COMPANY, INC., and Woodrow Friend, Appellees.

Court of Appeals of Kentucky.

Jan. 7, 1977.

B. L. Kessinger, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, for appellee.

Joe C. Savage, Turley, Savage & Moore, Lexington, for appellant.

Before HOGGE, PARK and VANCE, JJ.

PARK, Judge.

This litigation arises out of a collision on May 7, 1970, between a motorcycle operated by the plaintiff-appellant Donald Lewis Covington and a truck operated by the defendant-appellee Woodrow Friend, and owned by the appellee Friend Tractor and Motor Company, Inc. Covington sought to recover damages for personal injuries suffered in the collision and for damages to his motorcycle. A trial of the case in the Scott Circuit Court resulted in a jury verdict for the defendants. Covington appeals from the judgment dismissing his complaint.

The following issues are raised by the appeal: (1) Did the trial court err in admitting an out of court statement by Covington's mother purporting to repeat an earlier out of court statement by Covington? (2) Was Covington entitled to a directed verdict on the issue of liability? (3) Did the trial court err in admitting a posed photograph purporting to show the location of Friend's truck following the collision? (4) Did the trial court err in giving two instructions setting forth the defense of contributory negligence? (5) Did the trial court err in failing to sustain an objection to the closing argument by the defendants' counsel?

## HEARSAY ISSUE

At the trial, Covington testified that he had no memory of the collision itself or the events immediately before the collision. This loss of memory was attributed to the injuries sustained by Covington in the collision. As a part of his evidence, Covington called his mother to testify concerning a visit with her son in the hospital, Mrs. Covington testified:

"Q.18 Were you able to speak with him about the accident?

A. I talked to him and asked him what happened and he just kept saying, I don't know."

This testimony from Covington's mother clearly supported his theory that he was unable to recall any of the events immediately surrounding the collision.

On cross-examination, the plaintiff's mother testified:

"Q.121 Now, Mrs. Covington, the day after the accident, which would have been November—rather May the 8th, at that time Ernie was in the room at the St. Joseph's Hospital, was he not?

A. Yes, sir.

Q.122 Now, on that date were you present when Mr. Friend and his daughter, Mrs. Lackey came to the room?

A. Sir, that was on Sunday that they came.

A.123 Was that?

A. I was present, yes sir.

\* \* \* \* \* \*

Q.127 I will ask you, Mrs. Covington, if on that occasion, Mr. Friend didn't ask you had the boy ever indicated what happened and your reply was he just said he didn't see your truck and was not holding you responsible. Do you remember making that statement?

A. I certainly do not.

\* \* \* \* \* \*

Q.129 But you did not make that statement to Mr. Friend at the hospital?

A. If I did, I certainly do not remember. In fact they were only there approximately 15 minutes."

As a part of his case, the defendant, Friend testified:

Q.99 All right, sir. Did you have occasion to be with Mrs. Covington, the mother of Donald [sic] Covington within a couple or two or three days or the following Sunday after this accident?

A. I was.

Q.100 Where were you?

A. I went to the St. Joseph's Hospital in Lexington.

Q.101 All right. Who was present in the room?

A. My daughter, Mrs. Covington, her daughter and Ernie.

\* \* \* \* \* \*

Q.112 Speak up so we can all hear you?

A. I asked Mrs. Covington if Donald had ever—Ernie had ever said anything about what happened. And she said Ernie said he just didn't see the truck and he didn't hold us responsible."

The substance of Friend's testimony was confirmed by the testimony of his daughter, Mrs. Lackey.

Covington asserts that the trial court erred in admitting this testimony of Mr. Friend and his daughter. Since the testimony related to an out of court statement by Covington's mother which purported to repeat another out of court statement made by Covington himself, it is argued that the testimony constitutes double hearsay. We disagree.

In *Taylor v. Commonwealth*, Ky., 461 S.W.2d 920, 923 (1970), the Court of Appeals stated:

"Appellant's fourth contention is that the trial court erroneously permitted the Commonwealth, after one of its witnesses had denied that the defendants had made certain incriminatory statements to her, to prove by other witnesses that she had told them of the statements. The witness in question was in court; she had testified and was available for cross-examination; the persons to whom she allegedly had repeated the defendants' statements to her were in court and available for cross-examination; and had she testified to the defendants' statements her testimony would not have been inadmissible as hearsay because it would have consisted of repeating admissions made by the defendants. Under these circumstances the evidence in question was admissible in accordance with the holding in *Jett v. Commonwealth*, Ky., 436 S.W.2d 788."

This case is directly in point.

■ Had Mrs. Covington testified that her son stated that he never saw the truck, the testimony would have been admissible as an admission by a party. Mrs. Covington's prior statement to Mr. Friend in the presence of his daughter was admissible under *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969). Mrs. Covington had testified as a witness, and on cross-examination a proper foundation had been laid. The trial court committed no error in admitting the testimony of Mr. Friend and his

daughter relating to the conversation with Covington's mother.

## DIRECTED VERDICT ISSUE

■ Whether Covington was entitled to a directed verdict actually involves two questions. First, was Friend negligent as a matter of law? Second, was Covington free of contributory negligence as a matter of law? In order to dispose of these questions, the facts of the case must be given in some detail. In considering whether a directed verdict should have been given, the testimony must be examined in the light most favorable to Friend.

Friend was operating a 30 to 35 foot long flat bed truck south on Highland Avenue in the City of Georgetown. Friend intended to turn left in order to proceed east on College Street. Covington was traveling north on Highland Avenue on his motorcycle, intending to proceed straight through the intersection with College Street.

Friend testified that he activated his left turn signal approximately 30 yards from the intersection of Highland Avenue and College Street. Friend further testified that he looked south down Highlan⁻ Avenue prior to commencing his left turn onto College Street. According to Friend, he saw no traffic proceeding north on Highland Avenue, and he did not become aware of Covington's motorcycle until it struck the right front of his truck. Friend had almost completed his turn onto College Street when the impact occurred.

Highland Avenue was approximately three lanes wide. Consequently, traffic normally moved in the center of the street if there were were parked cars on both sides of the street. Friend testified that there were no parked cars on the west side of Highland Avenue in the block between College Street and Clinton Street, the next street south of College. However, Friend did testify that there were two or more cars parked on the east side of Highland Avenue between College Street and Clinton Street. Friend also admitted that he had a clear view beyond Clinton Street as he proceeded south down Highland Avenue.

Covington had stopped his motorcycle at the intersection of Highland and Clinton Street, before proceeding north toward College Street. Covington remembers nothing about the events which occurred after he left the intersection at Clinton Street. As he left the intersection of Clinton Street, Covington was seen by two deputy sheriffs who testified that Covington was proceeding at a slow rate of speed. One of the deputy sheriffs testified that Covington was traveling "close" to the right hand side of Highland Avenue, about 6 to 8 feet from the curb. Another witness testified that he observed Covington's motorcycle traveling at a speed of 35 to 40 m. p. h. immediately before the impact although he did not actually see the collision itself.

■ The driver of an automobile seeking to make a left turn across the projected path of oncoming traffic must yield the right of way unless and until it appears to him in the exercise of ordinary care that the left turn can be made in reasonable safety. When there is nothing to prevent the left turning driver from observing the imminent approach of a vehicle which is traveling in a straight course, the left turning driver is negligent as a matter of law when a collision results. *Compton v. Johnson,* Ky., 522 S.W.2d 448 (1975). KRS 189.-380(1).

■ In the present case, there is no evidence of anything that would have prevented Friend from observing the imminent approach of Covington's motorcycle. Friend had an unobstructed view down Highland Avenue beyond the intersection with Clinton Street. Two cars were parked on the east side of Highland Avenue, but there is no evidence that the parked cars obstructed Friend's view of Covington's motorcycle. One of the witnesses placed Covington's motorcycle only 6 or 7 feet from the east curb of Highland Avenue as Covington left the Clinton Street intersection, but there is no evidence that Covington's motorcycle suddenly appeared from behind one of the parked cars. Covington's speed would not have affected Friend's ability to see the

motorcycle, but Friend never saw Covington before the collision. Friend gives no reasonable explanation for his failure to observe the approach of Covington's motorcycle. The trial court erred in failing to direct a verdict on the question of Friend's negligence.

Even though Covington had the right of way, it does not follow that he was free of contributory negligence as a matter of law. This is analogous to the line of cases in which a driver entering a superior highway from an inferior highway or private property fails to yield the right of way to approaching traffic. See, *Killman v. Taylor*, Ky., 453 S.W.2d 574 (1970). If by the exercise of ordinary care Covington should have realized that Friend would not yield the right of way, then Covington had a duty to exercise ordinary care to avoid the collision. Considering Friend's testimony that he had activated his left turn signal some 30 yards from the intersection, the length of Friend's truck and its slow speed as it made the left turn, and the fact that Covington's view was unobstructed as he approached the intersection of Highland Avenue and College Street, there was an issue of Covington's contributory negligence. The trial court did not error in instructing the jury on the issue of contributory negligence. *Moskowitz v. Peariso*, 458 F.2d 240 (6th Cir. 1972).

The jury returned only a general verdict in favor of the defendants. It is impossible to determine whether the jury found that Friend was not negligent or that Covington was contributorily negligent. As the jury's verdict may have been based upon the issue of Friend's negligence, it follows that it was prejudicial error for the trial court to fail to direct a verdict on that issue. Consequently, the case must be reversed, and a new trial must be granted. See, *Dickerson v. Martin*, Ky., 450 S.W.2d 520 (1970).

In passing, it should be noted that it is better practice to require the jury to return special or separate verdicts on the issue of the negligence of each driver.

Thus, if the jury's verdict made it clear that the jury found both drivers to be negligent, it would have been harmless error for the court to have failed to direct a verdict on the issue of the Friend's negligence.

## POSED PHOTOGRAPH ISSUE

Friend introduced a photograph which purported to show the location of his truck following the collision. The photograph was made long after the accident. Such photographic reconstructions of accident scenes should be admitted with extreme caution. *Claycomb v. Howard*, Ky., 493 S.W.2d 714 (1972). However, the trial judge does have some discretion in admitting posed photographs which were not taken for the purpose of representing the theory of only one party. *Tumey v. Richardson*, Ky., 437 S.W.2d 201 (1969). The photograph in question was not included in the record on appeal. This court can not say that the trial judge abused his discretion in admitting the photograph in question.

## DUAL INSTRUCTIONS ISSUE

The court is not persuaded that it was prejudicial error for the issue of contributory negligence to be mentioned in two separate instructions. However, better practice would dictate that the issue of contributory negligence be confined to a single instruction. As only the issue of contributory negligence is to be submitted to the jury, this question should not arise upon a re-trial of the case.

## CLOSING ARGUMENT ISSUE

Because the case has been reversed for a new trial the court need not determine whether the trial court also committed prejudicial error in failing to sustain an objection to certain matters made in the closing argument by defendants' counsel. Upon a re-trial of the case, the matters objected to need not, and should not be repeated, in closing argument.

For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings in conformity with this opinion. All concur.