KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY, Appellant,

v.

L. G. COOK, as Executor of the Estate of
W. F. Foster, Deceased and as Trustee
under the Will of W. F. Foster, De-
ceased, Joseph Leland Baucum, Betty
Ann Holland, Judy Bowen, Clemontine
Dabney, Charles S. Foster, Katie Foster
Long, Dennis Vaughn and L. G. Cook,
Individually, Appellees.

Joseph Leland BAUCUM,
Cross-Appellant,

v.

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY, L. G. Cook,
Executor and Trustee of W. F. Foster
Estate, L. G. Cook, Individually, Betty
Ann Holland, Judy Bowen, Clemontine
Dabney, Charles S. Foster, Katie Foster
Long, and Dennis Vaughn, Cross-Appel-
lees.

L. G. COOK, Individually,
Cross-Appellant,

v.

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY, L. G. Cook,
as Executor of the Estate of W. F. Fos-
ter, Deceased and as Trustee under the
Will of W. F. Foster, Deceased, Joseph
Leland Baucum, Betty Ann Holland,
Judy Bowen, Clemontine Dabney,
Charles S. Foster, Katie Foster Long,
and Dennis Vaughn, Cross-Appellees.

L. G. COOK, as Executor of the Estate of
W. F. Foster, Deceased, and as Trustee
under the Will of W. F. Foster, De-
ceased, Cross-Appellant;

v.

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY, Joseph Le-
land Baucum, Betty Ann Holland, Judy

Bowen, Clemontine Dabney, Charles S.
Foster, Katie Foster Long, Dennis
Vaughn, and L. G. Cook, Individually,
Cross-Appellees.

Betty HOLLAND and Judy Bowen,
Cross-Appellants,

v.

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY,
Cross-Appellee.

Court of Appeals of Kentucky.

June 30, 1978.

886

Francis T. Goheen, Paducah, for appellant, cross-appellee, Kentucky Farm Bureau Mut. Ins. Co.

Earle T. Shoup, Paducah, for appellee, cross-appellant, L. G. Cook, individually.

Earl T. Osborne, Paducah, for appellee, cross-appellant, Joseph L. Baucum.

Craig Housman, Williams, Housman & Sparks, Paducah, Stone & Greenwald, Louisville, for appellees, cross-appellants, Betty Ann Holland and Judy Bowen.

Tom Garrett, Paducah, for appellee, Clemontine Dabney.

John C. Lovett, Lovett, Johnson & Shapiro, Benton, for appellee, cross-appellant, L. G. Cook, as executor and trustee of the estate of W. F. Foster.

Before PARK, VANCE and WINTERSHEIMER, JJ.

PARK, Judge.

These consolidated appeals are from a declaratory judgment entered by the Graves Circuit Court in an action brought by the plaintiff (appellant), Kentucky Farm Bureau Insurance Company. In that action, Kentucky Farm Bureau sought a determination whether it afforded any liability insurance coverage for claims arising out of a collision between a truck operated by the defendant (appellee and cross-appellant), Joseph Leland Baucum, and an automobile driven by the defendant (appellee), Clemontine Dabney.

For a number of years prior to his death, W. F. Foster owned and operated a farm containing approximately 485 acres. Baucum was employed by Foster as farm manager. Following the death of Foster in 1967, L. G. Cook qualified as executor and trustee under the will of W. F. Foster. Cook continued to employ Baucum as farm manager. Cook was a defendant in the trial court both individually and as executor and trustee. Cook is an appellee and cross-appellant in both capacities.

On October 23, 1971, Baucum was operating a farm truck owned by the defendant (appellee), Dennis Vaughn. In order to haul a load of corn from one part of the Foster farm to another, it was necessary for Baucum to travel along a portion of Kentucky Highway 121. As he entered the highway driving Vaughn's truck, Baucum collided with the automobile driven by Ms. Dabney in which the defendants (appellees and cross-appellants), Betty Ann Holland and Judy Bowen, were passengers.

Prior to his death, Foster had secured three policies of liability insurance from Kentucky Farm Bureau. He was the named insured of two automobile liability insurance policies covering two farm trucks used by Foster in the operation of the farm. In addition, Kentucky Farm Bureau had issued a policy to Foster affording general farmer's liability insurance protection. After he qualified as executor and trustee under the will of W. F. Foster, Cook renewed the three policies of insurance and increased the policy limits to $100,000–$300,000 for any one accident.

In a separate proceeding, Holland and Bowen brought an action for personal injuries against Baucum, Vaughn, Dabney and Cook in both his individual and fiduciary capacities. See Cook v. Holland, Ky.App., 575 S.W.2d 468 (this day decided). Dabney cross-claimed against the other defendants for the damage to her automobile and for personal injuries.

Numerous issues are raised on the appeal and cross-appeals relating to (1) the construction of the two automobile liability policies, (2) the coverage afforded by the farmer's comprehensive liability policy, and (3) the trial proceedings in circuit court.

I

*Cook as a Named Insured of the Automobile Liability Policies*

Under the heading "NAMED INSURED AND ADDRESS," each automobile liability policy provided:

FOSTER W F ESTATE
L G COOK
N 12th St
MAYFIELD KY

Kentucky Farm Bureau asserts that the sole named insured is the W. F. Foster estate and that Cook's name appears on the declaration only as the address of the estate. Under this interpretation of the policies, Cook would be afforded no protection for any personal liability arising out of the accident. The trial court agreed holding that the two automobile liability policies provided coverage only to the W. F. Foster estate. On his cross-appeal, Cook claims the policies also afforded coverage for any personal liability which he might have arising out of the accident of October 23, 1971.

■ In determining whether Cook individually was a named insured or whether his name appeared on the policy declarations only as an address for the Foster

estate, consideration should be given to the nature of a fiduciary's tort liability. If there is. ambiguity in the designation of the named insured, that ambiguity should be resolved in light of the nature of the risk insured against:

> In the context of property and casualty insurance the term "insured" ordinarily signifies a person whose risk of economic loss of a designated type is part of the subject matter of the contract—a person whose loss is an occasion for liability of the insurer to pay benefits.

R. Keeton, *Basic Text on Insurance Law* § 4.1(b) at 176 (1971).

■ At the outset, we must recognize that the W. F. Foster estate is not a separate legal entity. As stated by Judge Cardozo in *Whiting v. Hudson Trust Co.*, 234 N.Y. 394, 138 N.E. 33, 25 A.L.R. 1470, 1478 (1923):

> It is only a form of words when we speak of him [the trustee] as the representative of an "estate." The "estate" had no separate existence. It was not a legal person. The only person was the trustee.

Cook was executor and trustee of the W. F. Foster estate. Because the estate had no separate existence, the only person who could be sued was L. G. Cook. The designation "FOSTER W F ESTATE" was the same as specifying L. G. Cook as a named insured. *See State v. Insurance Co. of North America*, 39 A.D.2d 205, 333 N.Y.S.2d 486 (1972).

This does not mean that Cook was a named insured for all purposes. We do not believe that it can be seriously contended that the policies covered any liability which Cook might incur for activities unrelated to his duties as executor and trustee of the Foster estate not involving the vehicles specified in the declarations.

In the present case, any liability which Cook might have as a result of the accident of October 23, 1971, was directly related to his duties as executor and trustee of the Foster estate. Nevertheless, Kentucky Farm Bureau would construe the policy to cover only those liabilities which must be satisfied out of the assets of the estate. Kentucky Farm Bureau contends that it would afford no protection to Cook if he were personally liable even though his liability arose out of his duties as executor and trustee of the estate.

■ In the companion case of *Cook v. Holland*, Ky.App., 575 S.W.2d 468 (this day decided), we have discussed in greater detail the tort liability of fiduciaries. Under the orthodox common law rule, a trustee or other fiduciary is personally liable for torts arising out of the administration of the estate. Only if the fiduciary is completely without personal fault may he receive indemnification out of the corpus of the trust estate. *Restatement (Second) of Trusts* §§ 247, and 264; *Louisville Trust Co. v. Morgan*, 180 Ky. 609, 203 S.W. 555, 7 A.L.R. 396 (1918). A tort creditor can satisfy his claim out of the corpus of the trust only in a limited number of circumstances. *Restatement (Second) of Trusts* §§ 266–271A.

■ Considering the traditional common law rule governing the tort liability of fiduciaries, a trustee purchasing liability insurance would reasonably expect to be insured against any liability arising out of the administration of the trust estate for acts covered by the terms of the policy. The liability of Kentucky Farm Bureau under the two policies is not limited to those situations in which the tort creditor could reach the assets of the estate. The trial court erred in failing to hold that the two policies insured Cook against any personal liability arising out of the administration of the trust for acts otherwise covered by the policies.

There is no merit to the argument of Kentucky Farm Bureau that a trustee has no power to secure, at the expense of the estate, liability insurance which gives him personal protection from liability for acts arising out of the administration of the trust estate. 3 *Scott on Trusts* § 188.1 (3d

ed. 1967); *see also* KRS 386.810(3)(q) enacted in 1976.

### Applicability of "Other Automobiles" Clause

In addition to the two trucks specifically described in the policy declarations, Kentucky Farm Bureau afforded coverage for other vehicles under the clause, "Use of Other Automobiles."[1] Under this clause, coverage is afforded to the named insured, "if an individual." Because Baucum was operating a truck which was not described in either policy declaration, Kentucky Farm Bureau would afford no coverage for the accident unless Baucum's operation of the Vaughn truck fell within the scope of the "other automobiles" clause of each policy. Kentucky Farm Bureau asserts that the Foster Estate is not an individual and that, therefore, no coverage is afforded under the "other automobiles" clause. The trial court held that the clause was applicable and that the policies afforded coverage to the Foster Estate for any liability arising out of Baucum's operation of the Vaughn truck.

■ The W. F. Foster estate is not an entity, much less "an individual." However, as we have construed the policies, the named insured is L. G. Cook who is an individual. This is not a situation in which the trustee is a corporate fiduciary. A corporation can act only through agents and employees. Such considerations justify limiting the "other automobiles" clause to named insureds who are individuals. A corporation is not an individual within the meaning of such clauses. *See Continental Casualty Co. v. Suttenfield,* 236 F.2d 433

(5th Cir. 1956); *Sentry Security Systems v. Detroit Automobile Inter-Insurance Exchange,* 394 Mich. 96, 228 N.W.2d 779 (1975). Because he is an individual, Cook personally can perform the same acts in administering the trust as were performed by W. F. Foster prior to his death. It will be remembered that the two farm trucks owned by the estate were originally insured through Kentucky Farm Bureau by Foster himself. Cook has done no more than step into Foster's shoes after qualifying as executor and trustee. We know of no reason why Cook should not be deemed "an individual" entitled to coverage under the "other automobiles" clause. The trial court did not err in so holding.

■ The "other automobiles" clause further provides that it does not apply to any vehicle "available for the regular use of the named insured." Such exclusions are intended to preclude a person from insuring several vehicles for the price of one without defeating the general objective of the "other automobiles" clause to protect the named insured during occasional use of some vehicle other than his own. R. Keeton, *Basic Text on Insurance Law* § 4.9(b) (1971). With these considerations in mind, we will examine the facts to determine whether Kentucky Farm Bureau was entitled to a directed verdict on the issue of "regular use" of the Vaughn truck.

Because the jury returned a verdict that the Vaughn truck was not available for the regular use of the Foster estate, this Court must draw all fair and rational inferences from the evidence in favor of the defendants. *Covington v. Friend Tractor & Motor*

1. This clause provided in part:
   V. Use of Other Automobiles
   Such insurance as is afforded by this policy with respect to the automobile described in the declarations applies to the named insured, if an individual, and, if residents of the same household as the named insured, his spouse, and if licensed drivers, the minor dependent children of either, with respect to the operation of any other automobile of the private passenger, farm truck, or utility type, by or in behalf of such named insured, spouse or minor child. The insuring agreement does not apply to:
   A. any automobile owned by, registered in the name of, or available for the regular use of the named insured, spouse, minor child or any resident of the named insured's household;

   .        .        .        .        .

   C. any insured or automobile other than as provided in this paragraph.

*Co.,* Ky.App., 547 S.W.2d 771, 775 (1977). The evidence establishes that Baucum and Vaughn traded work. Vaughn assisted Baucum in harvesting crops on the Foster farm, and Baucum assisted Vaughn with work on a farm owned by Vaughn's brother. Vaughn frequently stored his truck in a barn on the Foster farm. Although the keys were left in the truck, Baucum never used the truck without obtaining Vaughn's permission. Vaughn had purchased the truck in 1964. Normally, the truck was used by Baucum on the Foster farm only at harvest time when he and Vaughn were trading work. There were two or three other isolated instances in which Vaughn gave Baucum permission to use the truck to haul rock.

At the time of the accident of October 23, 1971, Vaughn was operating his own equipment harvesting corn on the Foster farm. Baucum was using the Vaughn truck to haul the harvested corn because it had a hydraulic lift. The trucks owned by the Foster estate were not so equipped. The hydraulic lift enabled Baucum to unload the truck without manual labor.

Although Kentucky Farm Bureau sought to impeach the testimony of both Baucum and Vaughn, the credibility of the witnesses was for the jury. Having in mind the purpose of the exclusion of vehicles "available for regular use" of the insured, we conclude that there was a jury issue and that Kentucky Farm Bureau was not entitled to a directed verdict. *Kentucky Farm Bureau Mutual Insurance Co. v. Hill,* Ky., 278 S.W.2d 729 (1955).

### Instruction On Regular Use

■ Kentucky Farm Bureau argues that the trial court committed reversible error when it defined the term "regular use" in the following instruction to the jury:

> The term "available for regular use" means that thing to which it refers can usually and regularly be had or be used whenever it is wanted, needed or desired

and that such use may be made without seeking permission of the owner for each such use.

Kentucky Farm Bureau argues that the truck could be "available for regular use" even though the permission of Vaughn was required for each use. A similar issue was before the court in *Kentucky Farm Bureau Mutual Insurance Co. v. Hill, supra.* As in this case, the jury was required to determine whether a motor vehicle was available for the "regular use" of the insured. The issue was submitted to the jury on special interrogatories which required the jury to determine whether the insured could use the automobile in question only with the owner's permission. On appeal, the court held that the instructions and special interrogatories properly submitted to the jury the issue whether the automobile was furnished to the insured on a regular basis. The instruction given in this case is in harmony with those approved in the *Hill* case.

### II

### Coverage Under Farmer's Comprehensive Liability Policy

■ On their cross-appeals, Baucum and Cook (who filed separate cross-appeals as an individual and in his fiduciary capacity) contend that the farmer's comprehensive liability policy issued by Kentucky Farm Bureau afforded coverage for the accident. The trial court granted summary judgment in favor of Kentucky Farm Bureau on this policy because the accident occurred on a "public highway" rather than on "the premises insured" under the policy.

The farmer's comprehensive liability policy provided public liability coverage for bodily injury and medical payments (Coverage L). This policy also contained an exclusion providing that the policy did not apply under Coverage L "to the ownership, maintenance or use, or the loading or unloading of . . . motor vehicles, trailers or semi-trailers, while away from the premises . . . ." The policy defined the term

"premises" to mean "all premises described in the declaration and the private approaches thereto." The policy declaration described the premises insured as being a tract of 405 acres and a second tract of 80 acres. The 80 acre tract was further described as being located one-half mile north of the "homeplace."

Baucum and Cook (in his individual capacity) claim that the two tracts should be treated as a single farm operation. Because it was necessary to travel over the Kentucky Highway 121 to haul the corn from one tract to the other, it is argued that the truck was not "away from the premises" when the accident occurred. We do not agree. Public liability insurance policies commonly provide an exclusion for the off-premises use of motor vehicles. The reason for such exclusions is very simple. Operation of a motor vehicle on public highways involves greater risks than operation of the same vehicle on privately owned farms. Coverage for off-premises use of motor vehicles is ordinarily procured as automobile public liability insurance. 12 *Couch on Insurance (Second)* § 44:453 (1964). An accident on a public highway such as occurred in this case would be covered by a standard automobile public liability insurance policy.

A similar argument was made in *Connolly v. Standard Casualty Co.,* 76 S.D. 95, 73 N.W.2d 119 (1955). The South Dakota court considered a comprehensive farm liability policy which contained an exclusion similar to, but more narrowly drawn than the exclusion presented in this policy. The exclusion in that case provided that liability coverage should not apply to the ownership or operation of an automobile "while away from the premises or the ways immediately adjoining. . . ." In construing this provision, the South Dakota court stated:

> To hold that the policy covered all accidents caused by insured's automobiles while used in connection with the farm on all highways necessarily traveled in going from one part of the farm to another

would give to it a meaning clearly not intended.

*Id.,* 73 N.W.2d at 121. In the present case, Kentucky Highway 121 was not a part of the premises described in the declaration, nor was it a part of the "private approaches thereto." Because the accident occurred on the highway, the accident must be deemed to have occurred "away from the premises." The trial court was correct in holding that the exclusion did apply to the accident.

In his fiduciary capacity, Cook also asserts that coverage is afforded under subsection 2 of Coverage L. That provision provides public medical payments coverage if the injury "arises out of the premises or a condition in the ways immediately adjoining." He argues that Kentucky Highway 121 constituted "the ways immediately adjoining" the premises. This argument has two fatal flaws. First, the coverage applies only to "a condition" in the ways immediately adjoining the premises. The accident in question did not arise out of the condition of the highway, but rather the manner in which the vehicles were operated. Second, this coverage is subject to the express exclusion discussed above relating to the operation of motor vehicles while away from the premises. Because of the policy exclusion of any liability related to the operation of the truck "while away from the premises," it is immaterial that the accident may have occurred on the "ways immediately adjoining" the premises.

The trial court did not err in granting summary judgment to Kentucky Farm Bureau relating to its liability under the farmer's comprehensive liability policy.

### III

[**Editor's Note:** Part III, which decided the excess peremptory jury challenges issue as to which the Supreme Court of Kentucky granted discretionary review, is omitted at the direction of the Supreme Court (see 590 S.W.2d 875, at page 875).]

### IV

The judgment of the circuit court is affirmed in CA–1505–MR, CA–1511–MR and

CA–1519–MR; the judgment is reversed in CA–1511–MR and CA–1619–MR with directions to enter a new judgment that Kentucky Farm Bureau afforded Cook coverage under the two automobile policies for any personal liability which he might have arising out of the accident of October 23, 1971.

All concur.