NATIONWIDE MUTUAL
INSURANCE CO., Plaintiff,

v.

William TINGLE, Jr., City of Louisville,
Michael Saylor, and Scott
Saylor, Defendants.

Civ. A. No. C88–0694–L(J).

United States District Court,
W.D. Kentucky,
Louisville Division.

Feb. 14, 1990.

Victor W. Ewen, Ewen, Hilliard & Bush, Louisville, Ky., for Nationwide Mut. Ins. Co.

A. Courtney Guild, Jr., Goldberg and Simpson, Louisville, Ky., for Wm. Tingle, Jr.

Nicholas King, Louisville, Ky., for defendants Saylors.

Frank X. Quickert, Jr., Director of Law, City of Louisville, James H. Highfield, Asst. Director of Law, Louisville, Ky., for City of Louisville.

MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This matter is before the Court for Judgment on the record. This is a diversity declaratory judgment action and jurisdiction is proper under 28 U.S.C. § 1332.

I. FACTS

This action arises out of an automobile accident in which Defendants Michael and Scott Saylor were severely injured when Defendant William Tingle, Jr. lost control of the car in which they were passengers. Both Michael and Scott Saylor have permanent injuries and Scott Saylor is a paraplegic. Michael and Scott Saylor have filed suit against Tingle in state court for injuries arising out of the accident.

At the time of the accident, Tingle was employed by Defendant City of Louisville as a Detective in the narcotics unit. He

was provided a car by the City for both his personal and professional use. Liability insurance coverage on the vehicle was provided by the Louisville Area Governmental Self–Insurance Trust.

Prior to the accident, Plaintiff Nationwide Insurance Company issued a policy of personal automobile liability insurance to Tingle which provided coverage on two vehicles. Tingle did not specifically request coverage on the City automobile, and Nationwide's agent did not inform Tingle that the City automobile would be excluded from coverage, even though he knew that Tingle was a police officer and drove a cruiser. Tingle believed that he had coverage on each automobile that he drove.

The policy provided insurance on other automobiles unless that automobile was furnished to the policyholder for regular use. The policy provided in pertinent part:

VI. Use of Other Land Motor Vehicles Insurance.

Insurance afforded under: ...

(3) Coverages C(1), C(2), and D(2) shall extend to any other land motor vehicle ...

   *    *    *    *    *    *

provided ... such other land motor vehicle:

   *    *    *    *    *    *

(ii) is not furnished for regular use of such policyholder....

Nationwide filed this declaratory judgment action to determine whether they have the duty to defend Tingle in the state court action or to pay any judgment rendered against Tingle in that action. At issue is the application of the "other automobile" clause in the policy issued to Tingle by Nationwide. To be covered under the policy, the cruiser must not be furnished to Tingle for his regular use.

## II. LAW

■ "Other automobile" clauses provide that coverage does not apply to any vehicle available for the regular use of the named insured. These clauses preclude a person from insuring several vehicles for the price of one while allowing the named insured to occasionally use another vehicle.

*Kentucky Farm Bureau Mutual Ins. Co. v. Cook*, 590 S.W.2d 885 (Ky.App.1979). "Regular use" has been defined by the Kentucky courts to mean that the vehicle can "usually and regularly be had or be used whenever it is wanted, needed or desired and that such use be made without seeking permission of the owner for each such use." *Id.* at 890. The decision as to whether the vehicle is provided for the regular use of the named insured is largely determined by whether he is required to ask permission from the owner before each use. *Grange Mut. Companies v. Bradshaw*, 724 S.W.2d 216, 219 (Ky.App.1987) (citations omitted).

## III. DISCUSSION

■ As a narcotics officer, Tingle was on 24–hour call and was first assigned a take-home vehicle in 1982. He had exclusive possession of the car involved in this accident from the time it was first assigned. He was not required to obtain permission for the personal use of the car during off-duty hours.

Moreover, it is clear from the sequence of events that Tingle did not believe that this vehicle was covered under his personal policy. He first informed Nationwide of the accident only after an attorney advised him to do so because of the action pending against him in state court. Tingle did not contact Nationwide at the time of the accident because he did not think Nationwide would be involved. Tingle admitted that he had reviewed the declaration page of this insurance policy and knew that the police vehicle was not on the policy. Although Tingle argues that Nationwide is estopped from denying coverage because they misrepresented the coverage and he relied on the misrepresentation to his detriment, Tingle has not shown any of the required elements for estoppel.

For these reasons, JUDGMENT is entered for the PLAINTIFF, NATIONWIDE INSURANCE COMPANY against the DEFENDANTS.