James E. SUTTENFIELD and Columbus
Fiber Mills Company, Inc.,
Plaintiffs,

v.

The TRAVELERS INDEMNITY COM-
PANY and Continental Casualty
Company, Defendants.

Civ. A. No. 1912.

United States District Court
E. D. Texas, Tyler Division.

Aug. 25, 1955.

W. C. Gowan, Carrington, Gowan, Johnson, Walker & Bromberg, Dallas, Tex., for plaintiffs.

Pinkney Grissom, Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., for defendant, The Travelers Indemnity Company.

John L. Lancaster, Jr., and D. L. Case, Dallas, Tex., Robertson, Jackson, Payne, Lancaster & Walker, Dallas, Tex., for defendant, Continental Casualty Company.

SHEEHY, Chief Judge.

James E. Suttenfield, a citizen of Virginia, and Columbus Fiber Mills Company, Inc., a Georgia corporation which will be hereinafter referred to as Columbus, as Plaintiffs, are seeking to recover moneys they were compelled to pay and expend in the defense and settlement of a certain law suit brought by one Edgar E. Hoppe against the Plaintiffs, wherein Hoppe was seeking to recover damages in a substantial amount he claimed to have suffered as a result of an automobile collision between an automobile operated by Hoppe and an automobile operated by Suttenfield.

The Defendant, The Travelers Indemnity Company, which will be hereinafter referred to as Travelers, is a Connecticut corporation. The Defendant, Continental Casualty Company, which will be hereinafter referred to as Continental, is an Illinois corporation.

All of the facts were stipulated by the parties with the exception of those facts

relating to the claim of Plaintiffs for reimbursement because of attorneys' fees and other expenses incurred in connection with the defense of the claims made by Hoppe against them as a result of the collision, above mentioned. The evidence offered by Plaintiffs as to those attorneys' fees and expenses so incurred was not controverted by the Defendants, or either of them.

The Travelers, by way of counterclaim against Continental, seeks to recover attorneys' fees and investigation expenses that it incurred in connection with the investigation and defense of the claim made by Hoppe against the Plaintiffs.

The pertinent facts are as follows:

At all times pertinent hereto Suttenfield was an employee of Columbus in the capacity of a salesman. On October 20, 1953, Robertson Auto-Rentals & Leases, Inc., a corporation, hereinafter referred to as Robertson, entered into a written rental agreement with Columbus under the terms of which Robertson leased to Columbus a certain Ford automobile owned by Robertson, hereinafter referred to as the Robertson automobile, for a period of one year at a rental of $80 per month. Under the terms of said lease agreement the lessee was obligated to provide public liability and property damage insurance covering said automobile with limits of not less than $100,000 for each person, $300,000 for each accident and $25,000 for damage to property. On October 20, 1953, Travelers issued its automobile policy No. MV2527774 covering the Robertson automobile with coverage for bodily injury liability of $100,000 for each person and $300,000 for each accident and with coverage of $25,000 for damage to property. The premium on this policy was paid by Columbus and Suttenfield, Columbus and Robertson were named as the insureds in said policy.

During all times pertinent hereto Suttenfield owned as his personal automobile a Studebaker sedan. On April 29, 1953, Travelers issued to Suttenfield its automobile policy No. MV1368999 covering said Studebaker automobile with bodily injury coverage of $25,000 for each person and $50,000 for each accident and property damage coverage of $5,000 for each accident.

On January 1, 1954, Continental issued its automobile policy No. CA–1055000, hereinafter referred to as the Continental policy, to Hertz Driveurself Stations, Inc., a corporation hereinafter referred to as Hertz, covering the driverless automobiles that Hertz owned and rented to persons or firms for driving with bodily injury liability coverage of $25,000 for each person and $50,000 for each accident and property damage coverage of $5,000 for each accident.

Each of the policies of insurance, above mentioned, was in full force and effect on January 18, 1954, and under the terms of each policy the insurer was not only obligated to pay the bodily injury liability and property damage liability incurred within the coverage of the policy up to the limits of such coverages extended in said policies but was required to defend any and all suits arising within the coverage of the policy and to pay the court costs in any said suit adjudged against a person falling within the coverage of said policy.

Suttenfield was authorized by Columbus to rent an automobile for use in the discharge of the duties of his employment when it was necessary, and when an automobile was rented, Columbus would pay the rental fee. The automobile rented from Robertson by Columbus was rented or hired primarily for the use of Suttenfield although other employees of Columbus used it from time to time. Suttenfield used said automobile frequently and had charge of said automobile seven days a week and not only used it in the discharge of his duties with Columbus but used it in going to and from his home and office daily when he was in Richmond, Virginia. During the year immediately preceding January 18, 1954, Suttenfield used or hired a rented automobile in the course of his employment with Columbus on the following dates at the following places:

May 25, 1953, at Indianapolis, Indiana; May 28, 1953, at Dallas, Texas; August 17, 1953, at Boston, Massachusetts; August 18, 1953, at Boston, Massachusetts; August 20, 1953, at Boston, Massachusetts; November 4, 1953, at Fort Worth, Texas; and November 20, 1953, at Indianapolis, Indiana.

On January 18, 1954, Suttenfield went to the place of business of Hertz in Dallas, Texas, and rented an automobile owned and maintained by Hertz for the purpose of renting to persons for driving in order that he might drive said automobile to Waco, Texas. On that date and while Suttenfield was driving this automobile from Dallas to Waco, Texas, said automobile was involved in a collision with an automobile owned and being operated by one Edgar E. Hoppe, hereinafter referred to as Hoppe. As a result of that collision Hoppe sustained serious permanent personal injuries and his automobile was severely damaged. Suttenfield at the time of said collision was acting within the scope of his employment with Columbus.

Subsequent to the collision, above mentioned, Hoppe filed suit in the District Court of Hill County, Texas, the county in which said collision occurred, against Suttenfield and Columbus seeking to recover damages in excess of $40,000 because of the personal injuries received by him and the damages his automobile suffered in said collision. Thereafter that suit was removed to the United States District Court for the Western District of Texas, Waco Division. While the suit was pending in the last-mentioned court settlement negotiations were had between Hoppe and the Plaintiffs in this suit, the Defendants in that suit. Hoppe finally agreed to accept $40,000 and court costs in full settlement of all claims that he had against Suttenfield and Columbus, and each of them, as a result of the collision aforesaid, and the Plaintiffs and Defendants herein were in accord that such settlement offered should be accepted but could not agree on how much should be paid by each. In order to effect such settlement a written agreement was entered into by and between the Plaintiffs herein on the one hand and the Defendants herein on the other hand, wherein it was agreed that the Plaintiffs herein should pay said sum of $40,000 to Hoppe and pay the costs of court in said suit to the United States District Court for the Western District of Texas in full settlement of any and all claims that Hoppe had against the Plaintiffs herein, and each of them, because of said collision with the understanding that such payments by the Plaintiffs herein would not prejudice any rights that they and the Defendants herein had or might have under any of the policies of insurance, above mentioned. Pursuant to that agreement Columbus on November 23, 1954, paid the sum of $40,000 to Hoppe for the account of Suttenfield and also paid for Suttenfield's account the court costs in the amount of $25.50 incurred in said suit in the United States District Court for the Western District of Texas and obtained a full release from Hoppe releasing Suttenfield and Columbus, and each of them, from any and all claims that Hoppe had or might have against Suttenfield and Columbus, and each of them, because of the collision in question. The sum of $1,000 of the $40,000 paid to Hoppe was for the damages sustained by the Hoppe automobile in said collision.

Immediately upon Hoppe instituting the suit in the District Court of Hill County, Texas, against the Plaintiffs herein, the Plaintiffs herein tendered the defense of said suit to the Defendants herein, and each of them. Continental denied liability under its policy of insurance, above mentioned, and refused to defend said suit. The Travelers likewise denied liability under each of its policies, above mentioned, but undertook the defense of such suit under a reservation of rights agreement entered into with the Plaintiffs herein. Under the terms of the agreement Travelers, by undertaking the defense of said suit, did not waive any of its rights to deny liability under its policies of insurance in question.

After Hoppe instituted the suit in the District Court of Hill County, Texas, as aforesaid, and the Defendants herein, and each of them, denied liability to Suttenfield and Columbus under their respective policies of insurance Suttenfield and Columbus employed attorneys to represent them and protect their interest in said litigation, and the attorneys so employed continued to represent the Plaintiffs herein in said litigation until same was concluded by settlement, and said attorneys participated in the settlement negotiations which finally culminated in the settlement with Hoppe. The attorneys so employed by the Plaintiffs were paid a fee of $2,000 for their services rendered in that litigation which I find to be a reasonable fee for the services rendered. I further find that under the circumstances existing at the time Plaintiffs employed said attorneys to represent them and protect their interest in the Hoppe litigation the employment of said attorneys by the Plaintiffs was reasonably necessary.

It was stipulated by the parties hereto that if Travelers is entitled to recover on its counterclaim against Continental for expenses incurred in the defense of said suit in the United States District Court for the Western District of Texas, its measure of damage shall be the sum of $2,000.

Each of the Travelers policies, above mentioned, provided "use of other automobiles" coverage under Insuring Agreement V thereof. The pertinent provisions of said Insuring Agreement V are:

"Use of Other Automobiles. If the named insured is an individual who owns the automobile classified as 'pleasure and business' or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments with respect to said automobile applies with respect to any other automobile, subject to the following provisions:

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes (1) such named insured, (2) the spouse of such individual if a resident of the same household and (3) any other person or organization legally responsible for the use by such named insured or spouse of an automobile not owned or hired by such other person or organization. Insuring Agreement III, Definition of Insured, does not apply to this insurance.

"(b) This insuring agreement does not apply:

"(1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, furnished for regular use to the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse;"

Each Travelers policy of insurance provides, in effect, that the insurance with respect to other automobiles under Insuring Agreement V thereof shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to said automobiles or otherwise.

In the declarations of the Continental policy the purpose for which the automobiles covered thereby are to be used is stated as being "Driverless Car (Rentee)." Endorsement 91B of the Continental policy provides, in part, as follows:

"If the purpose of use stated in the Declarations is 'driverless car (rentee)' the Definition of Insured agreement of the policy is amended to read: The unqualified word 'insured' with respect to the insurance for bodily injury liability and for property damage liability includes the named insured and also includes any person or organization to whom an automobile has been rented without a chauffeur (herein referred to

as the 'Renter'), and any employees of said renter (herein referred to as the 'Driver'), and any employer of said renter."

Endorsement 91C attached to the Continental policy provides, in part, as follows:

"The insurance does not apply to any liability for such loss as is covered on a primary, contributory, excess, or any other basis by a policy of another insurance company; but this exclusion does not apply to insureds with whom the named insured has agreed that the insurance under the policy for such insured shall be primary as against any insurance afforded such insured under any other policy."

It is admitted by the parties hereto that Hertz did not agree with the Plaintiffs herein, or either of them, that the insurance under the Continental policy should be primary as against any insurance afforded the Plaintiffs, or either of them, under any other policy of insurance.

Continental's denial of liability under its policy is based on a contention that one or both of the Travelers' policies in question extended coverage to the Plaintiffs as to the collision in question and the claims made by Hoppe as a result thereof and that since Hertz did not agree with the Plaintiffs, or either of them, that the insurance under the Continental policy would be primary as against any insurance afforded the Plaintiffs, or either of them, under any other policy of insurance, its policy, under the above-quoted provisions of Endorsement 91C thereto attached, did not afford the Plaintiffs, or either of them, coverage as to the Hoppe collision and the claims of Hoppe resulting therefrom.

Since Suttenfield at the time of the collision in question was driving an automobile owned by Hertz and was not driving either the Robertson automobile or his own personal Studebaker automobile, there would be no coverage extended the Plaintiffs, or either of them, under the Plaintiffs, or either of them, under the Travelers' policies, or either of them, as to the Hoppe collision and the claims of Hoppe resulting therefrom unless such coverage is afforded under the "use of other automobiles" coverage provided under the above-quoted provisions of Insuring Agreement V of the Travelers' policies. In this connection the Travelers contends, as to its policy covering the Robertson automobile, the "use of other automobiles" coverage under Insuring Agreement V thereof is not applicable because Robertson, the owner of said automobile covered by said policy, is not an individual but is a corporation. As to its policy covering Suttenfield's Studebaker automobile Travelers contends that the "use of other automobiles" coverage provided in Insuring Agreement V of said policy is not applicable because the automobile being operated by Suttenfield at the time of the collision in question was a hired automobile hired as part of a frequent use of hired automobiles by Suttenfield.

Travelers contends that even in the event it should be determined that either of its policies in question afforded coverage to the Plaintiffs, or either of them, as to the collision in question, such coverage would only be excess coverage over and above the coverage afforded by the Continental policy.

If neither of the Plaintiffs was afforded coverage as to the collision in question by the Travelers' policies, or either of them, then there can be no question but that the Continental policy extended coverage to both Plaintiffs as to said collision and the claims of Hoppe arising therefrom.

Travelers' policy No. MV2527774 covered a Ford automobile owned by Robertson, a corporation, although Columbus and Suttenfield were named along with Robertson as the insureds in said policy. The plain unambiguous wording of Insuring Agreement V of that policy extended the "use of other automobiles" coverage provided therein to a situation where the named insured who owns the automobile described in and covered by

the policy is an individual. The wording "individual" in its plain, ordinary and generally accepted meaning does not include a corporation.[1] Since the Ford automobile covered by that policy was owned by a corporation, said policy afforded neither of the Plaintiffs any coverage as to the Hoppe collision and the claims made by Hoppe as a result thereof.

■ The Studebaker automobile covered by Travelers' policy No. MV1368999 was owned by Suttenfield individually, and the "use of other automobiles" coverage under Insuring Agreement V of that policy would extend the coverage of that policy to Suttenfield as to the Hoppe collision unless such "use of other automobiles" coverage is excluded by reason of the above-quoted provisions of Sec. (b) (1) of Insuring Agreement V of the policy, i. e., unless the Hertz automobile Suttenfield was driving at the time of the collision in question was a hired automobile hired as part of a frequent use of hired automobiles by Suttenfield. Unquestionably the Hertz automobile that Suttenfield was driving at the time of the collision in question was a hired automobile and was hired by Suttenfield for his use in driving from Dallas to Waco, Texas, which he was doing at the time of the collision, even though the cost of hiring was paid by Columbus, thus leaving for determination only the question as to whether said Hertz automobile was hired as part of a frequent use of hired automobiles by Suttenfield. As above pointed out, Suttenfield within the year preceding January 18, 1954, used rented or hired automobiles only on seven occasions exclusive of the use he made of the Robertson automobile rented or leased from Robertson. If these seven uses of a hired automobile on the part of Suttenfield are the only uses that are to be considered in determining whether the use of the Hertz automobile on January 18, 1954, was a use of a hired automobile hired as part of a frequent use of hired automobiles by Suttenfield, it is my opinion that the use of a hired automobile on said several occasions would not be sufficient to constitute a frequent use of hired automobiles within the meaning of the provisions of Sec. (b) (1) of Insuring Agreement V of the Travelers' policies pertaining to hired automobiles. On the other hand, if the use by Suttenfield of the Ford automobile rented or hired from Robertson is to be considered as a use by Suttenfield of a hired automobile, then Hertz' automobile being used by Suttenfield on January 18, 1954, was a hired automobile hired as part of a frequent use of hired automobiles by Suttenfield within the meaning of Sec. (b) (1) of Insuring Agreement V of the Travelers' policies because the parties have agreed that Suttenfield used the Robertson automobile frequently. In fact, Continental, in its argument herein, has conceded, and correctly so, that if the use by Suttenfield of the Robertson automobile is to be considered as Suttenfield's use of a hired automobile within the meaning of Sec. (b) (1) of said Insuring Agreement V, Travelers' policy covering Suttenfield's Studebaker automobile did not afford any coverage to the Plaintiffs, or either of them, as to the collision in question.

■■ It is the well-settled rule that parties are at liberty to make such contracts of insurance as they please provided such contracts do not contain clauses prohibited by law or public policy.[2] In construing a contract of insurance, the intention of the parties is of primary and controlling importance and when the contract is unambiguous this intention must be determined from the instrument itself considering all its parts and their proper bearing.[3] When the intent of the parties in the use of the language of the contract is obvious and unmistakable, the courts must enforce the contract

1. Main Investment Co. of Passaic v. United States Fidelity & Guaranty Co., 29 N.J.Super. 221, 102 A.2d 112.

2. Penn v. National Union Indemnity Co., 5 Cir., 68 F.2d 567.

3. Southern Travelers' Association v. Wright, Tex.Com.App., 34 S.W.2d 823.

which is written and cannot give it an opposite meaning under any theory of ambiguity.[4]

When Insuring Agreement V of the Travelers' policies is considered with the provisions of the policy as a whole and in light of the known and recognized purposes of automobile liability insurance, it is clear and obvious that the "use of other automobiles" coverage extended by said Insuring Agreement V was intended to be limited coverage and that such coverage was not to extend to the insured when using a hired automobile if the insured used hired automobiles frequently. It is the frequent use of hired automobiles by the insured at which the exclusionary provisions of Sec. (b) (1) of Insuring Agreement V are directed rather than the frequent hiring or automobiles.[5] That being true, the use by Suttenfield of the Robertson automobile must be considered as a use by Suttenfield of a hired automobile within the meaning of Sec. (b) (1) of Insuring Agreement V and when that is done, Suttenfield was using the Hertz automobile at the time of the collision in question as part of a frequent use of hired automobiles. Therefore, the coverage of the Travelers' policy covering Suttenfield's Studebaker automobile did not extend to the Plaintiffs, or either of them, as to the Hoppe collision and the claims of Hoppe resulting therefrom.

In view of the conclusions above set forth, there is no liability on the part of Travelers to the Plaintiffs, or either of them, under either of its policies here in question and the collision in question and the resulting claims made by Hoppe against Suttenfield and Columbus come within the coverage of the Continental policy in question.

As to the claim of the Plaintiffs against Continental for attorneys' fees incurred in the defense and settlement of the Hoppe case and the court costs paid therein by Plaintiffs, above mentioned, I am of the opinion that Continental is liable to the Plaintiffs in the amount of said fees and court costs herein found to have been incurred and paid by Plaintiffs. As above pointed out, Continental under the terms of its policy was obligated to defend any suits against any person to which the coverage of its policy extended growing out of any accident falling within the coverage of its policy and pay the court costs adjudged against such person in any such suit.

As to the counterclaim of Travelers against Continental for attorneys' fees and investigative expenses incurred in the defense of the Hoppe case, I am of the opinion that there is no liability on the part of Continental. There was no obligation owed by Continental to Travelers to defend or investigate said case and insofar as Continental is concerned Travelers in investigating and defending the Hoppe case under the circumstances it investigated and defended same, as above set out, was merely a volunteer.

Judgment will be entered providing as follows:

(1) That as to the Defendant, Travelers, the Plaintiffs, and each of them, take nothing.

(2) That Plaintiffs recover of and from Continental the sum of $28,025.25 with interest thereon at the rate of 6% per annum from November 23, 1954.

(3) That Travelers take nothing from Continental by reason of its counterclaim herein.

(4) That all costs of court herein be adjudged against Continental.

This memorandum decision shall be considered as the findings of fact and conclusions of law herein as authorized by Rule 52, Fed.Rules Civ.Proc., 28 U.S. C.A.

---

4. Aetna Life Ins. Co. v. Reed, 151 Tex. 396, 251 S.W.2d 150.

5. Vern v. Merchants Mutual Casualty Co., Sup., 118 N.Y.S.2d 672.