SENTRY SECURITY SYSTEMS, INC v DETROIT AUTOMOBILE
INTER-INSURANCE EXCHANGE

Docket No. 56411. Decided May 5, 1975.

The Detroit Automobile Inter-Insurance Exchange issued an automobile insurance policy on a passenger car; the certificate declared that the named insured was "Fred Schieman or Sentry Security Systems or Royal Oak Leasing Inc." Sentry asked one of its employees to drive to Detroit using his own private passenger automobile. The employee was driving in the course of his employment when his car collided with another car carrying Barry Boudreau, who suffered serious bodily injuries and property damage. Sentry brought an action against the Detroit Automobile Inter-Insurance Exchange for a declaratory judgment that the policy required the Exchange to defend and pay any bodily injury or property damages recovered by Boudreau. The Oakland Circuit Court, Robert L. Templin, J., entered a judgment for plaintiff. The Court of Appeals, J. H. Gillis, P. J., and Allen and Elliott, JJ., affirmed in part, reversed in part, and remanded. Defendant appeals. *Held:*

1. Under the policy of insurance, liability coverage with respect to non-owned automobiles applies to the "named insured" only if he is an "individual" and the plaintiff corporation is not an "individual".

2. The policy of insurance issued by the defendant company does not provide non-owned automobile insurance coverage to a corporate named insured.

Reversed and remanded for entry of appropriate judgment.

56 Mich App 182; 223 NW2d 708 (1974) reversed.

INSURANCE—NON-OWNED AUTOMOBILES—CORPORATIONS—NAMED INSURED—"INDIVIDUAL".

A policy of automobile insurance does not provide non-owned automobile insurance coverage to a corporate named insured where, by its terms, liability coverage with respect to non-owned automobiles applies to the "named insured" if he is an "individual"; a corporation is not an "individual".

REFERENCE FOR POINTS IN HEADNOTE
[1] 43 Am Jur 2d, Insurance § 252.

*Poole, Littell & Sutherland* (by *J. Patrick Martin),* for plaintiff.

*Hartman, Beier, Howlett, McConnell & Googasian* (by *Eric J. McCann),* for defendant.

MEMORANDUM OPINION. The factual background for this case is reported at 56 Mich App 182; 223 NW2d 708 (1974). We grant leave to appeal and peremptorily, under GCR 1963, 865.1(7), reverse the Court of Appeals and remand to the trial court for the entry of a judgment declaring that the policy of insurance issued by the defendant company does not provide non-owned automobile insurance coverage to a corporate named insured.

Under the policy of insurance, liability coverage with respect to non-owned automobiles applies as to the "named insured" only if he is an "individual".

The plaintiff corporation is, for some purposes, a "person", but it is not an "individual". The word "individual" is used to distinguish between a corporate entity person and a natural person: "The wording 'individual' in its plain, ordinary and generally accepted meaning does not include a corporation". *Suttenfield v Travelers Indemnity Co,* 133 F Supp 418 (ED Tex, 1955).

The purpose of the "individual" limitation is to provide coverage to natural persons as to non-owned automobiles, but to require persons engaged in business to purchase additional non-owned automobile coverage because of the considerable added risks involved.

The purpose of coverage (c) (see 56 Mich App at 185; 223 NW2d at 709), is to extend the insurance to a person or organization *other than the insured* under certain circumstances where the actual use is by a person who is insured under coverage (2)

(as to an owned automobile) or coverage (b) (as to a non-owned automobile). Since the actual use of this automobile was by a person who was not insured under either (a) or (b) there is no coverage under (c).

. The exclusion of a corporate named insured from such non-owned coverage is made clearer because of exclusion (g) (see 56 Mich App at 186; 223 NW2d at 710). That exclusion states that the coverage does not apply to any use of the automobile in any business or occupation of the insured except under circumstances not here pertinent.

Reversed and remanded for entry of appropriate judgment.

T. G. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred.

The late Justice T. M. KAVANAGH took no part in the decision of this case.