AUTO-OWNERS INSURANCE COMPANY v HARVEY

Docket No. 180869. Submitted June 5, 1996, at Detroit. Decided October 15, 1996, at 9:10 A.M.

Auto-Owners Insurance Company brought an action in the Wayne Circuit Court against Timothy Harvey, as personal representative of the estate of James Harvey, Jr., seeking a declaration regarding its obligation to pay uninsured motorist benefits under an automobile insurance policy issued to Ezra Harvey, doing business as Eastern Equipment Company, for the decedent's death from injuries sustained when he was struck by a motorist while securing an automobile loaded on the tractor-trailer insured by Auto-Owners. No-fault benefits for the accident were paid by Auto Club Insurance Association, the decedent's automobile insurer, after Timothy Harvey sued Auto-Owners and ACIA in another action, from which Auto-Owners had ultimately been dismissed by stipulation of the parties. In Auto-Owners' action for declaratory judgment, the court, Richard P. Hathaway, J., granted summary disposition for Timothy Harvey, ruling that the decedent had been an insured who was covered under the uninsured motorist provisions of the Auto-Owners policy. Auto-Owners appealed.

The Court of Appeals *held*:

1. Uninsured motorist insurance is not required by the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Where such coverage is disputed, the language of the particular policy determines under which conditions uninsured motorist benefits will be provided. In this case, the Auto-Owners policy, as it pertained to uninsured motorist coverage, defined "insured" as the first named insured if an individual and not a corporation, firm, or partnership or as any person while in, upon, entering, or alighting from an automobile covered by the policy. The trial court erred in determining that the decedent had been the first named insured by virtue of being a partner in Eastern Equipment. It is not disputed that at the time of the accident the decedent had not been in, entering, or alighting from the insured vehicle. Not addressed by the trial court was whether the decedent had been "upon" the insured vehicle, i.e., in physical contact with the insured vehicle. The case must be remanded for an evidentiary hearing concerning whether the decedent had been upon the insured vehicle so as to be deemed an

insured entitled to uninsured motorist coverage under Auto-Owners' policy.

2. Timothy Harvey did not admit in the other action that the decedent had not been an occupant of the insured vehicle. Even if such an admission had been made, Timothy Harvey would not be judicially estopped from maintaining that the decedent had been an occupant of the insured vehicle inasmuch as "occupant" is defined differently in the context of the no-fault act and in the context of the uninsured motorist provisions of an automobile insurance policy.

Reversed and remanded.

1. INSURANCE — NO-FAULT — UNINSURED MOTORISTS.

Uninsured motorist coverage is not required by the no-fault act and thus is determined by the language of the particular automobile insurance policy where such coverage is disputed (MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*).

2. INSURANCE — NO-FAULT — UNINSURED MOTORISTS.

In order for a person to be upon a vehicle, as used in the uninsured motorist provision of an insurance policy, the person must at a minimum be in physical contact with the vehicle (MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*).

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Mark C. Smiley*), for the plaintiff.

*Thurswell, Chayet & Weiner* (by *Tammy J. Reiss*), for the defendant.

Before: CAVANAGH, P.J., and HOOD and J. J. McDON-ALD,* JJ.

PER CURIAM. Plaintiff, Auto-Owners Insurance Company, appeals as of right from the trial court order granting declaratory judgment in favor of defendant. On appeal, plaintiff argues that the trial court clearly erred in granting declaratory judgment for defendant because the decedent, James Harvey, Jr., was not an

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"insured" entitled to uninsured motorist benefits. We reverse and remand for an evidentiary hearing.

The decedent was an equal partner with Ezra, Arthur, and Timothy Harvey in Eastern Equipment Company. On July 16, 1990, Ezra Harvey, Arthur Harvey, and the decedent were in the process of loading a car onto a trailer that was attached to a truck. The trailer and truck were insured by plaintiff. The decedent was standing in the roadway, attempting to chain the car to the trailer, when he was struck by an uninsured motorist and sustained severe injuries that ultimately proved fatal.

Defendant, Timothy Harvey, as personal representative of the decedent's estate, filed an action in the Wayne Circuit Court seeking no-fault benefits from plaintiff. At that time, plaintiff raised the defense that the decedent was not an occupant of the insured vehicle. Defendant responded by adding Auto Club Insurance Association (ACIA), the decedent's individual insurer, to that cause of action. Subsequently, ACIA accepted priority and paid benefits to defendant. Plaintiff was dismissed without prejudice on stipulation of defendant and ACIA.

Defendant then filed a claim with plaintiff for uninsured motorist coverage. Plaintiff responded by bringing a declaratory action in the Wayne Circuit Court seeking a determination regarding the parties' rights and responsibilities pursuant to the insurance policy. In January 1994, the parties filed motions for summary disposition. On October 12, 1994, the trial court entered orders granting defendant's motion and denying plaintiff's motion. On November 21, 1994, the trial court entered an order of declaratory judgment stat-

ing that defendant was "entitled to uninsured motorist benefits under Auto Owners Insurance policy."

On November 30, 1994, plaintiff filed a claim of appeal from the declaratory judgment. Plaintiff subsequently filed a motion to remand for an evidentiary hearing pursuant to MCR 7.211(C)(1) on the basis of this Court's decision in *Rohlman v Hawkeye-Security Ins Co (On Remand)*, 207 Mich App 344; 526 NW2d 183 (1994) (*Rohlman II*). This Court denied the motion on March 9, 1995.

Plaintiff contends that the trial court erred in finding that the decedent was entitled to uninsured motorist coverage under its policy. This Court's review of a declaratory judgment is de novo. The trial court's factual findings, however, will not be reversed unless they are clearly erroneous. *Michigan Residential Care Ass'n v Dep't of Social Services*, 207 Mich App 373, 375; 526 NW2d 9 (1994).

It is a well-recognized principle in Michigan law that an insurance policy must be enforced in accordance with its terms. *Michigan Millers Mutual Ins Co v Bronson Plating Co*, 445 Mich 558, 567; 519 NW2d 864 (1994). Where the language of an insurance policy is clear and unambiguous, it must be enforced as written. *Group Ins Co of Michigan v Czopek*, 440 Mich 590, 596-597; 489 NW2d 444 (1992). If, however, a provision in an insurance policy is ambiguous, the ambiguity must be construed against the insurer and in favor of the insured. *Taylor v Blue Cross & Blue Shield of Michigan*, 205 Mich App 644, 649; 517 NW2d 864 (1994). Courts must be careful not to read an ambiguity into a policy where none exists. *Michigan Millers, supra.*

Because uninsured motorist benefits are not statutorily required, the language of the individual's insurance policy dictates under what conditions uninsured motorist benefits will be provided. *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 525; 502 NW2d 310 (1993) (*Rohlman I*). As applied to uninsured motorist coverage, plaintiff's policy defines "insured" as:

> (a) the first named insured if an individual and not a corporation, firm or partnership,
>
> *        *        *
>
> (b) any person while in, upon, entering or alighting from an automobile to which Coverage A of this policy applies.

The trial court held that the decedent was both a "first named insured" under the policy and that the decedent was entitled to coverage as an occupant of the vehicle.

Plaintiff first argues that the decedent was not the "first named insured." The policy under which defendant claims uninsured motorist benefits was issued under the name "Ezra Harvey, d/b/a Eastern Equipment Company." Defendant contends that the insurance policy is the property of the partnership and that each of the individual partners is insured. However, defendant's argument fails to recognize that although the policy and the truck and trailer combination it insures are the property of the partnership, whether the policy entitles any of the individual partners to benefits is determined by the terms of the policy. *Rohlman I, supra.* The language of the insurance policy unambiguously states that an entity is the first named insured "if an individual and not a corporation, firm, or partnership." Under Michigan law, the term

"individual" is recognized as designating a natural person and not including business entities such as corporations. *Sentry Security Systems, Inc v DAIIE*, 394 Mich 96, 97; 228 NW2d 779 (1975). Moreover, the language of the policy in question expressly excludes corporations, firms, and partnerships from its definition of "first named insured." Thus, James Harvey, Jr., was not a "first named insured" by virtue of being an individual partner in Eastern Equipment Company, and the trial court erred in so finding.

Plaintiff also contends that Harvey does not qualify as an "insured" by virtue of being "in, upon, entering or alighting from" a covered vehicle at the time of the accident. At the outset, we find that the trial court erred in determining that the decedent was entitled to coverage as an "occupant" of the vehicle. The policy specifically states that an insured includes "any person while in, upon, entering or alighting from" a covered vehicle. As with any other contract, a court must construe an insurance contract from the language actually used in the contract. The parties have the right to employ whatever terms they wish, and the courts should not rewrite them as long as the terms do not conflict with pertinent statutes or public policy. See *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566-567; 489 NW2d 431 (1992).

Defendant relies on the Supreme Court's decision in *Nickerson v Citizens Mutual Ins Co*, 393 Mich 324; 224 NW2d 896 (1975), in support of his contention that although the decedent was outside the insured vehicle at the time of the accident, he was still "in, upon, entering or alighting from" the vehicle. In *Nickerson*, the car in which the plaintiff was riding stalled. The plaintiff got out and pushed the vehicle to the

side of the road. While walking toward the front of the vehicle, the plaintiff was struck from behind by a car driven by an uninsured motorist. *Id.* at 326. The Supreme Court concluded that the plaintiff was "occupying" the vehicle as defined by the policy and was entitled to benefits. In reaching this decision, the Court concluded that physical contact with the vehicle was not required and that the plaintiff was entitled to benefits on the basis of "his immediate prior 'occupying' of the insured vehicle." *Id.* at 331.

The insurance policy in *Nickerson,* however, was issued before the adoption of the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* The Supreme Court has acknowledged that, as a matter of public policy, it had adopted a broad construction of the policy language in *Nickerson* for the purpose of finding coverage. See *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565, 574; 357 NW2d 652 (1984). However, the repeal of the uninsured motorist statute and the passage of the no-fault act largely eliminated the factors motivating the *Nickerson* decision. *Rohlman I, supra* at 529.

After considering the Supreme Court's opinions in *Royal Globe* and *Rohlman I,* this Court has concluded that courts should not be bound by the *Nickerson* rationale when interpreting an insurance contract providing uninsured motorist benefits, which are not required by the no-fault act. *Rohlman II, supra* at 357. In *Rohlman II,* the policy in question stated that coverage extended to any person "occupying" the covered automobile. The term "occupying" was defined as "in, upon, getting in, on, out or off." Because under the facts of the case it was clear that the plaintiff had not been in, getting in, on, out of, or

off the vehicle at the time of the accident, the only question that remained was whether he had been "upon" the vehicle. *Id.* at 351. The panel concluded that the term "upon" means, at a minimum, that there was some physical contact between the person and the covered automobile when the injury occurred. *Id.* at 357.

Approximately five weeks after this Court's decision in *Rohlman II*, another panel of this Court addressed the issue of uninsured motorist coverage in *Gentry v Allstate Ins Co*, 208 Mich App 109; 527 NW2d 39 (1994). In *Gentry*, the plaintiffs' borrowed automobile went off the road. While the plaintiffs were standing by the side of the vehicle waiting for it to be towed, a second vehicle struck the car and pushed it into them, resulting in serious injuries. *Id.* at 111-112. The policy definition of "insured" included any person who was "occupying an insured automobile." The policy defined the term "occupying" as "in or upon entering into or alighting from." *Id.* at 113. The panel followed *Nickerson* in adopting an expansive interpretation of the term "occupying" and concluded that the plaintiffs' occupation of the vehicle immediately before the accident was sufficient to conclude that the plaintiffs were "occupying" the vehicle within the policy definition of that term. *Id.* at 114. The *Gentry* panel was apparently unaware of the prior decision in *Rohlman II* and did not address it.

Thus, in construing almost identical language, *Rohlman II* and *Gentry* came to opposite conclusions. When a panel is confronted with two conflicting opinions published after November 1, 1990, the panel is obligated to follow the first opinion issued. *People v Young*, 212 Mich App 630, 639; 538 NW2d 456

(1995). Thus, to the extent that *Gentry* conflicts with *Rohlman II*, we are compelled to follow *Rohlman II*. On the basis of the Supreme Court's opinions in *Royal Globe* and *Rohlman I*, we believe that the *Rohlman II* panel reached the correct result.

Accordingly, because it appears undisputed that the decedent was not in, entering, or alighting from an insured vehicle, the issue remaining is whether he was "upon" an insured vehicle. Thus, the pertinent question is whether the decedent was in physical contact with an insured vehicle at the time of the accident. See *Rohlman II, supra* at 357. This particular issue was not addressed by the trial court, and, according to plaintiff, discovery was never completed. Accordingly, we remand this case to the trial court so that the question whether the decedent was in physical contact with an insured vehicle at the time of the accident may be addressed.

Plaintiff also argues that defendant's right to claim uninsured motorists benefits based on the decedent's having been an occupant is barred by the doctrine of judicial estoppel. Plaintiff contends that defendant's stipulation to dismiss plaintiff from the previous lawsuit in which defendant sought no-fault benefits was an admission that the decedent was not an occupant of the insured vehicle.

The doctrine of judicial estoppel prevents a party who has successfully and unequivocally asserted a position in a prior proceeding from asserting an inconsistent one at a subsequent proceeding. *Lichon v American Universal Ins Co*, 435 Mich 408, 416; 459 NW2d 288 (1990). Given the facts of this case, we can find no basis for concluding that defendant's claim is judicially estopped. In the prior no-fault action, it was

plaintiff who argued that the decedent was not an occupant of the vehicle at the time of the accident. Although defendant stipulated to dismiss plaintiff, the stipulation does not provide any basis for the dismissal.

Furthermore, even had defendant admitted in the no-fault action that the decedent was not an "occupant" of the trailer, that position would not be contrary to his position in this cause of action because the term "occupant" in the context of the no-fault act specifically means an individual who is physically inside a vehicle. See *Rohlman I, supra* at 532. Thus, the definition differs from the meaning of the word "occupant" as used in the context of uninsured motorist provisions. See *Rohlman II, supra* at 355-357. Therefore, plaintiff's assertion that defendant's claim is judicially estopped is without merit.

Reversed and remanded. We do not retain jurisdiction.