*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIAS YAGHNAM,

Plaintiff-Appellant,

v

JOHN DOE,

Defendant,

v

MICHIGAN INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
July 15, 2021

No. 353547
Wayne Circuit Court
LC No. 19-013227-NI

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Plaintiff, Elias Yaghnam, appeals as of right the trial court order granting summary disposition to defendant Michigan Insurance Company. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

On October 2, 2016, Yaghnam was injured as a result of a motor-vehicle crash. At the time, Yaghnam had an automobile insurance policy with Michigan Insurance Company. Relevant to this appeal, the policy provided uninsured/underinsured (UM/UIM) motorist coverage. In the section detailing limitations on the uninsured/underinsured benefits, the policy provided that "[a]ny claim must be reported to the company within three years of the date of loss." On October 3, 2019, three years and one day after the motor-vehicle crash, Yaghnam filed a complaint alleging negligence against the unknown driver of the other vehicle involved in the crash. He also brought a claim for UM/UIM benefits against Michigan Insurance Company.

Michigan Insurance Company moved for summary disposition, contending that the three-year statute of limitation in MCL 600.5805(2) applied and barred Yaghnam's claim. In response, Yaghnam asserted that he had brought a claim for breach of contract, so the six-year limitations

period in MCL 600.5807(9) was the relevant statute of limitations. In its reply brief, Michigan Insurance Company argued that Yaghnam had not pleaded a claim for breach of contract. Further, it asserted that, under the plain language of the policy, Yaghnam was required to report a claim for UM/UIM benefits "within three years of the date of loss," which he had not done.

Following argument on the motion, the trial court granted Michigan Insurance Company's motion. In doing so, the court reasoned that although Yaghnam was seeking benefits under the contract, he did not allege a breach of contract claim against Michigan Insurance Company. The court recognized that, because UM/UIM motorist benefits were optional, the terms of the insurance policy governed the dispute.[1] The court stated that the policy required Yaghnam to provide notice of any claim for uninsured/underinsured benefits within three years of the date of the loss, which had not been done. Consequently, the court granted the motion.

In his motion for reconsideration, Yaghnam argued that he provided notice of the claim within three years because, on October 19, 2018, Michigan Insurance Company declined to entertain a settlement of his UM/UIM claims. In support, he submitted an e-mail exchange between his lawyer and the lawyer for Michigan Insurance Company. He also contended that he had pleaded a claim for breach of contract in his complaint, but that if the court continued to conclude that he had not, he should be permitted to amend his complaint to state such a claim. The trial court denied the motion.

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Yaghnam argues that the trial court erred by granting summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). The trial court purported to grant summary disposition under MCR 2.116(C)(7). Summary dismissal is appropriate under MCR 2.116(C)(7) when an action is barred because of the "statute of limitations." However, the court also held that Yaghnam failed to state a claim for breach of contract.[2] "A court may grant summary disposition under MCR 2.116(C)(8) if '[t]he opposing party has failed to state a claim on which relief can be granted.' A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010), quoting MCR 2.116(C)(8) (alteration in original). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(8) may only be

---

[1] Because they are not required by the no-fault act, UM benefits "are purely contractual and are construed without reference to the no-fault act." *Rory v Continental Ins Co*, 473 Mich 457, 466; 703 NW2d 23 (2005). Instead, the language of the insurance policy at hand "dictates under what conditions uninsured motorist benefits will be provided." *Auto-Owners Ins Co v Harvey*, 219 Mich App 466, 470; 556 NW2d 517 (1996).

[2] See note 2, below.

granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id.*

## B. ANALYSIS

Michigan Insurance Company argues that the applicable limitations period is set forth in MCL 600.5805(2), which provides:

> (2) Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property.

Yaghnam argues that the applicable limitations period is set forth in MCL 600.5807(9), which provides:

> (9) The period of limitations is 6 years for an action to recover damages or money due for a breach of contract that is not described in subsections (2) to (8).

To determine the applicable limitations period, a court considers the "gravamen of an action" from the complaint as a whole, looking beyond procedural labels, to determine the exact nature of the claim. *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). In his complaint, Yaghnam labeled his claim against Michigan Insurance Company as one for UM/UIM benefits, and he made the following allegations:

> 16. At the time of the incident described [in Count I], the vehicle in which Plaintiff was operating in a vehicle [sic] insured through a policy of insurance issued by the Defendant, MICHIGAN INSURANCE COMPANY.

> 17. That the subject policy contains a provision for payment of un/underinsured motorist benefits.

> 18. Upon information and belief, the other driver/vehicle involved in the accident was un/underinsured.

> 19. That Plaintiff as a direct result of the aforementioned automobile accident, are [sic] entitled to un/underinsured motorist benefits, pursuant to the insurance policy with Defendant.

Yaghman argues that the above language states a claim for breach of contract. We disagree. To establish a prima facie case for breach of contract, "[a] party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller–Davis Co v Ahrens Const, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). The causation element requires that the party show "a causal link between the asserted breach of contract and the claimed damages." *Gorman v American Honda Motor Co*, 302 Mich App 113, 118-119; 839 NW2d 223 (2013). Here, even accepting the factual allegations in Yaghnam's complaint as true, he has only alleged that there was a contract between Michigan Insurance Company and him. He has not made any allegations that Michigan Insurance Company breached that contract. For example, the

complaint is devoid of any indication that he made a timely claim under his automobile insurance policy to recover UM/UIM benefits. Further, even if he had made such a claim, he has not pleaded any facts indicating that Michigan Insurance Company then breached the contract by not paying the owed benefits. Thus, like the trial court, we conclude that Yaghnam did not plead a breach-of-contract claim. As a result, there is no basis to apply the six-year limitations period applicable to breach of contract actions.[3]

That does not end our inquiry. Under MCR 2.116(I)(5), "[i]f the grounds asserted [for summary disposition] are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." See also MCR 2.118(A)(2) ("Leave [to amend] shall be freely given when justice so requires."). "[A]n amendment is not justified if it would be futile." *Liggett Restaurant Group, Inc v Pontiac*, 260 Mich App 127, 138; 676 NW2d 633 (2003).

Here, in his motion for reconsideration, Yaghnam argued that he should be permitted to amend his complaint to state a claim for breach of contract. He did not, however, present his proposed amended complaint to the court. "If a plaintiff does not present its proposed amended complaint to the court, there is no way to determine whether an amendment is justified." *Anton, Sowerby & Assoc, Inc v Mr C's Lake Orion, LLC*, 309 Mich App 535, 551; 872 NW2d 699 (2015). Based on the evidence presented to the trial court, such an amendment would be futile.

Under the plain language of the insurance policy, Yaghnam was required to report his claim for UM/UIM benefits to Michigan Insurance Company "within three years of the date of loss."[4] In the proceedings below, Yaghnam presented no evidence indicating that he satisfied his contractual obligation to report his UM/UIM claim to Michigan Insurance Company within three

---

[3] It is not clear whether the trial court concluded that because Yaghnam did not plead a claim for breach of contract, his claim was one to recover damages for injury to a person or property that would be subject to the limitations period in MCL 600.5805(2). Based on the entirety of the record, we conclude that, although the court purported to grant summary disposition under MCR 2.116(C)(7) based on a claim barred by the applicable statute of limitations, it actually dismissed Yaghnam's complaint under MCR 2.116(C)(8) for failure to state a claim upon which relief could be granted. Indeed, after review of the pleadings, the trial court repeatedly stated that Yaghnam had not pleaded a claim for breach of contract. In contrast, the court never made any comments suggesting that the limitations period in MCL 600.5805(2) applied.

[4] The interpretation of an insurance contract is a question of law that we review de novo. *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 533; 676 NW2d 616 (2004). "Because insurance policies are contractual agreements, they are subject to the same rules of contract interpretation that apply to contracts in general." *Sherman-Nadiv v Farm Bureau Gen Ins Co of Mich*, 282 Mich App 75, 78; 761 NW2d 872 (2008). We determine the meaning of a contract in light of the plain and ordinary meaning that would be apparent to a reader of that contract. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). An unambiguous contract must be enforced as written. *Rory*, 473 Mich at 468.

years of the date of loss. Instead, his only proof that Michigan Insurance Company was aware of the claim was an e-mail exchange between his lawyer and Michigan Insurance Company's lawyer. In that exchange, Yaghnam's lawyer first noted that Yaghnam *might have* a claim for UM/UIM coverage, so he did not want to sign a release pertaining to the personal protection insurance benefits to also release that potential UM/UIM claim. It is axiomatic that a statement that a claim might exist is insufficient to give notice that such a claim is being made.

Later in the e-mail chain, when asked whether there was an UM "portion to this claim that was dismissed," Yaghnam's lawyer stated, "No, I never included a claim for UM benefits in my original complaint or the amended complaint." That response was made at 1:57 p.m. on October 19, 2019. Because there was no such claim, Michigan Insurance Company's lawyer agreed to allow Yaghnam's lawyer to amend the release to delete language that would preclude a claim for UM benefits. Thereafter, less than twenty minutes after assuring Michigan Insurance Company's lawyer that he had not made a claim for UM benefits, Yaghnam's lawyer asked if Michigan Insurance Agency would be "willing to entertain settlement of my client's UM claim?"[5] The response was "No," with a smiley face. Thus, in context, it is clear that this was not a serious request and was not understood as a serious request. Instead, the entirety of the e-mail chain shows that, as of October 19, 2018, Yaghnam recognized that he might have a claim for UM benefits, so he did not want to sign a release that would bar recovery on that claim. Further, it shows that he had not yet made any claim for such benefits to Michigan Insurance Company, as reflected by his lawyer's unequivocal and direct statement that such a claim had not been made in either the complaint or the amended complaint. His tongue-in-cheek statement at the end of the e-mail chain does not satisfy the notice-provision in the insurance policy. Because Yaghnam could marshal no additional evidence supporting that he had a viable claim for breach of contract, any amendment to the complaint to state a claim for breach of contract would be futile.

The trial court, therefore, did not err by granting Michigan Insurance Company's motion for summary disposition.

Affirmed. Michigan Insurance Company may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Riordan
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[5] In full, Yaghnam's lawyer wrote:

Thank you Stephanie, and sorry to bug you while you are out of town . . . . hopefully on vacation. I have attached the signed release. Let me know when you have withdrawn the motion.

With that being said though, would your client be willing to entertain settlement of my client's UM claim? If so, please advise; and enjoy your weekend!