*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID SPLAN,

       Plaintiff-Appellee,

v

JOSHUA FINK, Personal Representative of the
ESTATE OF EDWIN EARL BROWN,

       Defendant,

and

HOME OWNERS INSURANCE COMPANY

       Defendant-Appellant.

UNPUBLISHED
August 24, 2023

No. 360947
Washtenaw Circuit Court
LC No. 21-000250-NI

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

The trial court denied Home Owners's summary disposition because plaintiff's policy language was ambiguous and did not entitle Home Owners to a setoff of the underinsured's primary policy. We reverse.

On April 8, 2019, Edwin Brown was driving northbound in a southbound lane, and he caused a multivehicle collision that injured plaintiff. Plaintiff did not participate in a settlement with Brown's insurance company which resolved the claims of other parties who were injured by the collision. Consequently, plaintiff did not receive any benefit from Brown's insurance company.

Plaintiff then sued various parties for damages, including his insurance company, Home Owners, for denying him payment under its underinsured-motorist policy. Home Owners moved for summary disposition under MCR 2.116(C)(10), arguing that it was entitled to setoff of plaintiff's underinsured-motorist benefits as reduced by Brown's primary-policy limit because the parties' relevant policy language stated:

4. LIMIT OF LIABILITY:

a. Our Limit of Liability for Underinsured Motorist Coverage shall not exceed the lowest of:

(1) the amount by which the Underinsured Motorist Coverage limits stated in the Declarations exceed the total limits of all bodily injury liability bonds and policies available to the owner or operator of the underinsured automobile; or

(2) the amount by which compensatory damages, including but not limited to loss of consortium, because of bodily injury exceed the total limits of those bodily injury liability bonds and policies.

b. The Limit of Liability is not increased because of the number of

(1) automobiles shown or premiums charged in the Declarations;

(2) claims made or suits brought;

(3) persons injured; or

(4) automobiles involved in the occurrence,

Home Owners argued that plaintiff's underinsured-motorist policy covered damage up to $250,000, whereas Brown's primary policy covered damage up to $500,000. Thus, when setting $250,000 off by $500,000, Home Owners's liability amount would be zero.

The trial court denied Home Owners's motion for summary disposition because the policy was ambiguous and no amounts were paid to plaintiff from Brown's insurance policy, meaning there was no amount from Brown to setoff against plaintiff's policy with Home Owners.

Home Owners moved for reconsideration, arguing that our Supreme Court in *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 49-50; 664 NW2d 776 (2003), had held that policy language substantially similar to the policy in this case had setoff the amount owed by the policy limit of the underinsured, not the amount paid from the underinsured's policy. The trial court denied the motion for reconsideration.

Home Owners now submits its interlocutory appeal by leave granted. *David Splan v Estate of Edwin Earl Brown*, unpublished order of the Court of Appeals, issued September 23, 2022 (Docket No. 360947).

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any

material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

The no-fault act, MCL 500.3101 *et seq*, does not require underinsured-motorist coverage. "Therefore, the terms of the insurance contract control any potential entitlement to UM/UIM benefits." *Gueye v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358992), slip op at 3 (cleaned up). "The proper interpretation of a contract is a question of law, which this Court reviews de novo." *Wilkie*, 469 Mich at 48. "The same standard applies to the question of whether an ambiguity exists in an insurance contract." *Id*. "Accordingly, we examine the language in the contract, giving it its ordinary and plain meaning if such would be apparent to a reader of the instrument." *Id*. "Where the language of an insurance policy is clear and unambiguous, it must be enforced as written." *Auto-Owners Ins Co v Harvey*, 219 Mich App 466, 469, 556 NW2d 517 (1996).

Plaintiff argues that the relevant policy language—"the amount we pay will be reduced by any amounts paid or payable for the same bodily injury"—clearly intends a setoff only when other payments were made regarding plaintiff's bodily injury. The payments made under Brown's insurance policy were to other individuals for their own injuries, not plaintiff's injuries. Plaintiff ignores, however, section 4a of his policy with Home Owners, which limits Home Owners's liability to "the amount by which the Underinsured Motorist Coverage limits stated in the Declarations exceed the total limits of *all bodily injury* liability bonds and policies available to the owner or operator of the underinsured automobile." (Emphasis added.) The plain reading of the policy's liability limit considers all bodily injury policies available to Brown, regardless of whether payment was made to plaintiff or someone else.

This reading is consistent with our Supreme Court's ruling in *Wilkie*, which concerned policy language that was substantially similar to the policy in this case. Specifically, the language in *Wilkie* read as follows: "Our Limit of Liability for Underinsured Motorists Coverage shall not exceed the lowest of…the amount by which the Underinsured Motorist Coverage limits stated in the Declarations exceed the total limits of all bodily injury liability bonds and policies available to the owner or operator of the underinsured automobile." *Wilkie*, 469 Mich at 44 n 3. Our Supreme Court in that case held that "this provision cannot be reasonably understood to be referring to the amount actually received by the claimant because the provision specifically refers to the total available to the owner." *Id*. at 49-50.

In this case, the total limit of all bodily injuries available to Brown was $500,000. The amount by which the underinsured-motorist coverage stated in the declarations of Home Owners's no-fault policy with plaintiff was $250,000. When setting $250,000 off by $500,000, the resulting liability is $0. Therefore, when considering the plain language of the policy limits, as well as our Supreme Court's precedent in *Wilkie*, the trial court erred when it denied summary disposition to Home Owners.

Reversed.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle